∎ KATHY BURNS et al., Appellants, v INCORPORATED VILLAGE OF ROCKVILLE CENTRE et al., Defendants, and BERNARD MATZEN, JR., Respondent. [882 NYS2d 918]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Spinola, J.), entered May 27, 2008, as granted the motion of the defendant Bernard Matzen, Jr., for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff allegedly tripped and fell over a raised flagstone located on the property of the defendant Bernard Matzen, Jr. (hereinafter the defendant). The defendant established, prima facie, that he did not create the alleged defect or have actual or constructive notice thereof (*see generally Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). In any event, the evidence showed that the alleged defect was trivial and, therefore, not actionable (*see Trincere v County of Suffolk,* 90 NY2d 976 [1997]; *Hawkins v Carter Community Hous. Dev. Fund Corp.,* 40 AD3d 812 [2007]; *Nathan v City of New Rochelle,* 282 AD2d 585 [2001]; *Riser v New York City Hous. Auth.,* 260 AD2d 564 [1999]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Krakinowski v New York City Tr. Auth.,* 18 AD3d 443, 444 [2005]). Contrary to the plaintiffs' contention, the issue of whether the alleged defect was trivial and, therefore, not actionable was first raised in the plaintiffs' opposition papers, and was not raised for the first time in the defendant's reply papers. Hence, the Supreme Court properly addressed the issue (*see Navarrete v A & V Pasta Prods., Inc.,* 32 AD3d 1003, 1004 [2006]). Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.