■ SHERMAN SAWYER et al., Appellants, v DALE PRUSKY et al., Respondents. [896 NYS2d 536]—

Spain, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered January 6, 2009 in Washington County, which granted defendants' motion to dismiss plaintiffs' second cause of action.

Plaintiffs and defendants own adjoining parcels of lakefront property located in the Town of Argyle, Washington County. It is undisputed that, at the time plaintiffs acquired their property in 1997 (hereinafter the Sawyer property), the boundary line between the Sawyer property and the property later acquired (in 1999) by defendants (hereinafter the Prusky property) was marked by iron survey pipes and a common walkway leading from the lake to Oaks Road. In 2008, defendants had their property surveyed and informed plaintiffs that the boundary line between their parcels actually extended 10 feet into what they had treated as the Sawyer property (hereinafter the disputed strip). After defendants allegedly removed a rock wall placed by plaintiffs along the formerly recognized common boundary and installed a fence creating a new boundary 10 feet onto the Sawyer property, plaintiffs commenced this action seeking a declaration that they are the owners of the disputed strip and that the iron survey pipes mark the correct common boundary. Plaintiffs asserted three causes of action: (1) to quiet title and determine interest in real property under RPAPL articles 6 and 15; (2) adverse possession; and (3) trespass. Defendants moved to dismiss the adverse possession cause of action for failure to state a cause of action (see CPLR 3211 [a] [7]), which plaintiffs opposed. Supreme Court granted the motion and dismissed the adverse possession claim, and plaintiffs appeal.

On defendants' motion to dismiss for failure to state a cause of action, plaintiffs' complaint is afforded a liberal construction and the benefit of every favorable inference, the facts alleged in

the complaint and in any submissions in opposition are accepted as true, and the court determines "whether the facts as alleged fit within any cognizable theory," i.e., whether the plaintiffs "ha[ve] a cause of action, not whether [they have] stated one" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]; *IMS Engrs.-Architects, P.C. v State of New York*, 51 AD3d 1355, 1356 [2008], *lv denied* 11 NY3d 706 [2008]). To prevail on this adverse possession cause of action, commenced in September 2008, plaintiffs would be required to demonstrate that their possession of the disputed strip was adverse, exclusive, under a claim of right, open and notorious, actual and continuous for a period of 10 years (*see* RPAPL 501 [2] [as amended eff July 7, 2008]; *see also* CPLR 212 [a]; *accord Walling v Przybylo*, 7 NY3d 228, 232 [2006]). Under 2008 legislative enactments, a "claim of right" now requires "a reasonable basis for the belief that the property belongs to the adverse possessor or property owner" (RPAPL 501 [3] [as amended eff July 7, 2008]). Supreme Court found that plaintiffs stated such a claim of right by alleging that both parties believed that the boundary line was marked by the old survey pipes, and that element is not in issue on appeal.

By statute, adverse possession claims are either premised upon a written instrument or judgment (*see* RPAPL 511, 512) or not so premised (*see* RPAPL 521, 522). As Supreme Court aptly noted, if plaintiffs hold title by deed to the disputed strip, they would prevail on their first cause of action and would not need to rely upon an adverse possession claim. However, since defendants' motion to dismiss was directed solely at plaintiffs' adverse possession claim, which is expressly based upon plaintiffs' deed[1] (paragraph 20 of the complaint), we consider the claim as based upon a written instrument under RPAPL 511 and 512.

For such a claim of adverse possession founded upon a written instrument,

"land is deemed to have been possessed and occupied in any of the following cases:

"1. Where there [have] been acts sufficiently open to put a reasonable diligent owner on notice.

"2. Where it has been protected by a substantial enclosure, except as provided in [RPAPL 543 (1)].

"3. Where, although not enclosed, it has been used for the supply of fuel or of fencing timber" (RPAPL 512). Plaintiffs'

---

1. We express no opinion on who holds title to the disputed strip.

complaint alleges that between 1997 and 2008, they built a beach area up to the boundary line and swam and sunbathed on the disputed strip, built a rock wall on the common boundary line, maintained the common walkway, mowed the lawn on the disputed strip, and planted and stored supplies, equipment and personal property on the disputed strip adjacent to the boundary. While these acts, accepted here as true, state acts of possession sufficiently open and notorious to put defendants on notice (*see* RPAPL 512 [1]; 501 [2]), the Legislature in 2008 enacted RPAPL 543, which specifically refines what actions across boundary lines may constitute "adverse" occupancy. RPAPL 543 (1) now provides: "Notwithstanding any other provision of this article, the existence of *de [minimis] non-structural encroachments* including, but not limited to, fences, hedges, shrubbery, plantings, sheds and non-structural walls, *shall be deemed to be permissive and non-adverse*" (emphases added). In light of this explicit statutory directive, Supreme Court rightly concluded that plaintiffs' "rock wall" along the common boundary line is a "non-structural encroachment," reasoning that "while a rock wall is a substantial wall because of its weight it will be deemed non-structural because it is not part of a structure nor does it provide support to something else so as to be structural." As such, plaintiffs' rock wall cannot satisfy the adversity element essential to this claim. Likewise, plaintiffs' maintenance of the lawn, walkway and beach and plantings do not constitute adverse occupancy, because RPAPL 543 (2), also enacted in 2008, now expressly provides: "Notwithstanding any other provision of this article, the acts of lawn mowing or similar maintenance across the boundary line of an adjoining landowners's property shall be deemed permissive and non-adverse."[2]

We are not persuaded by plaintiffs' argument that RPAPL 543 is not applicable to this adverse possession claim because it is premised upon RPAPL 512 (1), on plaintiffs' theory that only subdivision (2) of RPAPL 512 specifically refers to RPAPL 543. While RPAPL 512 indeed defines, in the alternative, the manners by which land may be "possessed and occupied" for purpose of adverse possession founded upon a written instrument/judgment, RPAPL 543 now reclassifies certain actions across boundary lines that are deemed "permissive and non-adverse" as a matter of law, and RPAPL 543 (2) unambigu-

---

**2.** By contrast, under RPAPL former 512 (1) and former 522 (1), land was deemed to have been possessed and occupied where it had been "usually cultivated or improved" by the adverse possessor (*see e.g. Goss v Trombly,* 39 AD3d 1128, 1129 [2007]; *Robinson v Robinson,* 34 AD3d 975, 976-977 [2006], *lv denied* 8 NY3d 805 [2007]).

ously applies to *all* adverse possession claims, i.e., "[n]otwithstanding *any* other provision of this article" (emphasis added).[3]

Thus, taking the allegations of the complaint as true, plaintiffs do not have a claim for adverse possession and Supreme Court properly granted defendants' limited motion to dismiss the second cause of action.[4]

Peters, J.P., Lahtinen, Stein and Garry, JJ., concur. Ordered that the order is affirmed, with costs.

 ---

**3.** Were we to view plaintiffs' claim as one for adverse possession not under a written instrument (as did Supreme Court), the same result would obtain. While plaintiffs' complaint alleges acts of possession and occupation that are sufficiently open (*see* RPAPL 522 [1]), those actions would be nonadverse and permissive under RPAPL 543.

**4.** Plaintiffs did not raise the "boundary line by acquiescence" theory (*see McMahon v Thornton*, 69 AD3d 1157, 1160 [2010]) in their complaint or submissions in opposition to defendants' motion and, thus, we decline to address its applicability here.