MEAD STONE et al., Respondents, v TOWN OF CLARKSTOWN, Appellant, and UNITED WATER NEW YORK, INC., et al., Respondents. [918 NYS2d 167]—

The plaintiffs are the owners of certain real property located in the defendant Town of Clarkstown, which is accessible only by a bridge over the eastern branch of the Hackensack River. They commenced this action against, among others, the Town, alleging, inter alia, that certain drainage projects undertaken by the Town to mitigate upstream flooding conditions caused damage to their own property, and impaired their ability to use the bridge to access their property. Their notice of claim was filed on June 5, 2007. According to the plaintiffs, the drainage projects significantly increased the volume of water flowing underneath the bridge, causing the bridge to flood when there was any significant rainfall.

The Supreme Court erred in denying those branches of the Town's motion which were for summary judgment dismissing the first, second, and fourth causes of action, respectively, alleging trespass, nuisance, and unlawful taking insofar as asserted against it in light of the plaintiffs' failure to comply with General Municipal Law §§ 50-e and 50-i. Service of a notice of claim within 90 days after accrual of the claim is a condition precedent for commencing an action against the Town sounding in tort (*see* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]; *Matter of National Grange Mut. Ins. Co. v Town of Eastchester*, 48 AD3d 467, 468 [2008]; *Knox v New York City Bur. of Franchises & N.Y. City*, 48 AD3d 756, 757 [2008]). Here, although the plaintiffs pleaded the first, second, and fourth causes of action sounding in trespass, nuisance, and unlawful taking, respectively, the Town established, as a matter of law, that the plaintiffs' claims actually sounded in negligence. The notice of claim and verified bill of particulars specifically described the plaintiffs' claims as sounding in negligence, in that the plaintiffs alleged, inter alia, that the Town failed to properly construct and maintain the subject drainage projects, thereby causing damage to the plaintiffs' property. Thus, as to the first, second, and fourth causes of action, the Town made a prima facie showing that the plaintiffs failed to comply with the General Municipal Law requirement that a timely and proper notice of claim must be served, since the notice of claim failed to specify that they were seeking to recover damages for trespass, nuisance, and unlawful taking, and failed to articulate a sufficient factual basis to support those claims (*see* General Municipal Law § 50-i [1] [a]; § 50-e [1] [a]; *Rist v Town of Cortlandt*, 56 AD3d 451 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Further, under the circumstances herein, the plaintiffs' third cause of action alleging negligence should have been dismissed

as against the Town to the extent it alleged conduct which occurred prior to the 90-day period preceding the filing of the plaintiffs' notice of claim (*see Doran v Town of Cheektowaga*, 54 AD2d 178 [1976]).

The Town's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted those branches of the Town's motion which were for summary judgment dismissing the first, second, and fourth causes of action insofar as asserted against it and the third cause of action to the extent indicated. Covello, J.P., Lott, Roman and Miller, JJ., concur.