■ Augustin Reyes et al., Appellants-Respondents, v Joseph Carroll et al., Respondents-Appellants. [27 NYS3d 80]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), entered January 29, 2014, as granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and to cancel the notice of pendency, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was to sever the second counterclaim and granted that branch of the plaintiffs' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second counterclaim.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, that branch of the plaintiffs' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the second counterclaim is denied, and that branch of the defendants' motion which was to sever the second counterclaim is granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for further proceedings, including the entry of a judgment declaring that the plaintiffs do not have an express easement over the lot formerly owned by the defendants; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The action arises from a boundary dispute involving adjoining residential property which had previously been under common ownership. After the plaintiffs purchased their lot in 2000, they erected a stockade fence which encroached on the lot of the predecessor in title of the defendants Joseph Carroll and Mary Carroll. In 2006, the plaintiffs removed the stockade fence at the request of the Carrolls' predecessor in title so that the sale to the Carrolls could proceed. The plaintiffs rebuilt the stockade fence after the Carrolls purchased their lot, although the exact date the fence was rebuilt is disputed. In January 2013, the Carrolls transferred title of their lot to themselves and the defendant K. McGrath Builders, Inc. (hereinafter collectively the defendants).

In May 2013, the plaintiffs commenced this action after the defendants removed the stockade fence and boundary landscaping. In addition to seeking a judgment that the plaintiffs were the owners of a strip of property (hereinafter the disputed parcel) that runs along the southern boundary of their lot and encroached on the northern portion of the defendants' lot, and damages for, among other things, trespass, the complaint also sought a judgment declaring that the plaintiffs had an express easement over land owned by the defendants and enjoining the defendants, and all persons claiming under them, from interfering with the easement. The plaintiffs also served and filed a notice of pendency. The defendants counterclaimed, inter alia, to recover damages for trespass.

The Supreme Court granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and cancelling the notice of pendency, granted the plaintiffs' cross motion pursuant to CPLR 3211 (a) (7) to dismiss the counterclaims, and denied, as academic, that branch of the defendants' motion which was to sever the counterclaims. The plaintiffs did not seek a stay of enforcement of the order pursuant to CPLR 5519 (c) pending appeal, and, in August 2014, the defendants transferred title to their lot to a third-party purchaser.

With respect to the first cause of action, which sought a determination that the plaintiffs had acquired title by adverse possession, the Supreme Court properly applied the 2008 amendments to RPAPL article 5 to this action (*see* L 2008, ch 269). The defendants established, prima facie, as a matter of law, that the plaintiffs' purported adverse possession did not vest prior to the enactment of the statute (*cf. 5262 Kings Hwy., LLC v Nadia Dev., LLC*, 121 AD3d 748 [2014]; *Pritsiolas v*

*Apple Bankcorp, Inc.*, 120 AD3d 647 [2014]; *Matter of Lee*, 96 AD3d 941 [2012]; *Shilkoff v Longhitano*, 94 AD3d 974 [2012]; *Hogan v Kelly*, 86 AD3d 590 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact, since they had not possessed the disputed property for 10 years when the statute was enacted and they cannot tack on the alleged adverse possession by their predecessor-in-title, since they offered no evidence that he "intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed" (*Brand v Prince*, 35 NY2d 634, 637 [1974]; *see Stroem v Plackis*, 96 AD3d 1040, 1043 [2012]; *Ram v Dann*, 84 AD3d 1204, 1206 [2011]).

Additionally, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action. The defendants established, prima facie, that the plaintiffs did not acquire title by adverse possession, by demonstrating that the plaintiffs' use of the disputed parcel was not adverse, under claim of right, open and notorious, continuous, exclusive, and actual for 10 years (*see* RPAPL 501 [2]). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the amount of time that the stockade fence was absent because they removed it is irrelevant because the fact that they removed it, at the request of the defendants' predecessor in title, demonstrates that they did not possess the disputed parcel adversely (*see* RPAPL 501 [1]), under a claim of right (*see* RPAPL 501 [3]), openly and notoriously, continuously, and exclusively for 10 years. Moreover, the plaintiffs failed to raise a triable issue of fact as to whether the stockade fence and/or boundary landscaping were not de minimis encroachments deemed permissive and non-adverse (*see* RPAPL 543 [1]; *see also Wright v Sokoloff*, 110 AD3d 989 [2013]; *Hartman v Goldman*, 84 AD3d 734 [2011]; *Sawyer v Prusky*, 71 AD3d 1325 [2010]).

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the second cause of action, which sought to recover damages for trespass. The essential elements of a cause of action sounding in trespass are the intentional entry onto the land of another without justification or permission (*see Korsinsky v Rose*, 120 AD3d 1307 [2014]; *Volunteer Fire Assn. of Tappan, Inc. v County of Rockland*, 101 AD3d 853, 855 [2012]). The defendants established, as a matter of law, that because the plaintiffs did not adversely possess the disputed parcel for the required statutory period, the defendants could not be liable

for trespassing on their own property (*cf. Marone v Kally*, 109 AD3d 880 [2013]; *West v Hogan*, 88 AD3d 1247 [2011], *affd* 19 NY3d 1073 [2012]).

The defendants established their prima facie entitlement to judgment as a matter of law with respect to so much of the third cause of action as sought a judgment declaring that the plaintiffs had an express easement over land owned by the defendants. The defendants also established their prima facie entitlement to judgment as a matter of law dismissing so much of the third cause of action as sought to enjoin the defendants, and all persons claiming under them, from interfering with the easement. The defendants tendered unrebutted evidence establishing that the subject easement, which is contained in a "[Corrected] Declaration Affecting Title" dated May 12, 1978, provided, in relevant part, that if the owner "shall remove either or both of the said encroachments at any time, the right to maintain such encroachments . . . shall immediately cease and terminate," and that one encroachment had been removed by the plaintiffs' predecessor in title. This evidence establishes, as a matter of law, that the conditional easement was extinguished by its own terms (*see South Buffalo Dev., LLC v PVS Chem. Solutions, Inc.*, 115 AD3d 1152 [2014]; *Norse Realty Group, Inc. v Mormando Family Ltd. Partnership*, 38 AD3d 735 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact. The Supreme Court, however, should not have dismissed the third cause of action, since the relief demanded was, in part, for a declaratory judgment (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]; *Matter of Van Guard Hose Co. No. 1 Drill Team of Patchogue Fire Dept. v Suffolk County Volunteer Fireman's Parade & Drill Team Captains Assn.*, 57 AD3d 792 [2008]). Accordingly, we must remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiffs do not have an express easement over the lot formerly owned by the defendants (*see BTJ Realty, Inc. v Caradonna*, 65 AD3d 657 [2009]).

Moreover, the Supreme Court erred in granting that branch of the plaintiffs' cross motion pursuant to CPLR 3211 (a) (7) which was to dismiss the defendants' second counterclaim to recover damages for trespass. A party who cannot establish adverse possession is responsible to the record owner for any damages that he or she caused by reason of the trespass (*see CSC Acquisition-NY, Inc. v 404 County Rd. 39A, Inc.*, 96 AD3d 986 [2012]; *Skyview Motel, LLC v Wald*, 82 AD3d 1081 [2011]). Even if the conditional easement had not been extinguished prior to the plaintiffs' purchase of their lot, the defendants al-

lege that the scope of the easement had been exceeded by the building of the stockade fence (*see Gates v AT&T Corp.*, 100 AD3d 1216 [2012]; *Ketchuck v Town of Owego*, 72 AD3d 1173 [2010]; *Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410 [2004]). Thus, the defendants can seek damages for trespass against the plaintiffs, and the Supreme Court should not have denied, as academic, that branch of the defendants' motion which was to sever the second counterclaim.

The Supreme Court properly rejected the plaintiffs' contention that the defendants' summary judgment motion was premature, since the plaintiffs failed to demonstrate how discovery may reveal or lead to relevant evidence or that facts essential to opposing the motion were exclusively within the defendants' knowledge or control (*see Interboro Ins. Co. v Clennon*, 113 AD3d 596 [2014]; *Cajas-Romero v Ward*, 106 AD3d 850 [2013]).

The defendants' remaining contention is without merit. Rivera, J.P., Leventhal, Sgroi and Hinds-Radix, JJ., concur.