■ HENRY BORING et al., Appellants, v TOWN OF BABYLON et al., Respondents. [47 NYS3d 419]—

In an action, inter alia, to recover damages for trespass, abuse of process, intentional infliction of emotional distress, and violation of constitutional rights pursuant to 42 USC § 1983, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), entered March 31, 2014, as granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) to dismiss and for summary judgment dismissing the first, second, and fourth through twelfth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action, inter alia, to recover damages for trespass, abuse of process, intentional infliction of emotional distress, and violation of constitutional rights pursuant to 42 USC § 1983, alleging that employees of the defendant Town of Babylon committed misconduct, which included unlawfully entering upon their property on a number of occasions. The defendants moved, inter alia, pursuant to CPLR 3211 (a) to dismiss and for summary judgment dismissing the first, second, and fourth through twelfth causes of action. The Supreme Court granted those branches of the defendants' motion.

In support of their motion for summary judgment, the defendants made a prima facie showing that the plaintiffs failed

to serve a proper notice of claim pursuant to General Municipal Law §§ 50-e and 50-i, with respect to the fifth, eighth, and tenth causes of action, since the plaintiffs' notice of claim failed to specify that they were seeking to recover damages for unlawful taking, abuse of process, and intentional infliction of emotional distress, and failed to articulate a sufficient factual basis to support those claims (see General Municipal Law §§ 50-e [1]; 50-i [1] [a]; Stone v Town of Clarkstown, 82 AD3d 746, 747 [2011]; Rist v Town of Cortlandt, 56 AD3d 451, 452 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also properly directed dismissal of the first cause of action, which sought to recover damages for trespass. "The essential elements of a cause of action sounding in trespass are the intentional entry onto the land of another without justification or permission" (Reyes v Carroll, 137 AD3d 886, 888 [2016]). The plaintiffs' allegations that certain Town employees entered onto their property during the day and rang the doorbell or spoke to the plaintiff Henry Boring in the front yard, as well as their allegations that the Fire Marshall entered their property with consent, failed to state a cause of action to recover damages for trespass (see Kucker v Kaminsky & Rich, 7 AD3d 491, 492 [2004]; see generally Reyes v Carroll, 137 AD3d at 888). Additionally, the defendants demonstrated, prima facie, that entry onto the plaintiffs' property on June 13, 2011, was pursuant to a valid search warrant. The plaintiffs, who did not address this showing in their opposition papers, failed to raise a triable issue of fact regarding the validity of the search warrant.

The complaint failed to state causes of action sounding in selective enforcement of the Town Code and violations of the constitutional guarantee of equal protection of the laws, since the complaint failed to identify any individual or group which was similarly situated to them and the manner in which they were treated differently from that individual or group (see Matter of Hargrove v New York City School Constr. Auth., 95 AD3d 1116 [2012]; Cozzani v County of Suffolk, 84 AD3d 1147, 1147 [2011]). The plaintiffs did not offer any amplification of the complaint in opposition to the defendants' motion (see Rovello v Orofino Realty Co., 40 NY2d 633, 635-636 [1976]), and improperly raise contentions regarding differential treatment of certain allegedly similarly situated neighbors for the first time on appeal.

The plaintiffs' remaining contentions are without merit. Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur. ▄▄▄▄