■ FIDELINA DIAZ, Respondent, v MAI JIN YANG et al., Appellants. [48 NYS3d 485]—

Appeal by the defendants from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated February 26, 2015. The order denied the defendants' motion for summary judgment dismissing the complaint and for summary judgment on their first, third, and fourth counterclaims.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint and for summary judgment on their first, third, and fourth counterclaims is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in accordance herewith.

The plaintiff owns residential real property that is adjacent to the defendants' residential real property. A double garage and a driveway are located partially on the plaintiff's property and partially on the defendants' property. The plaintiff acquired her property by deed recorded on July 1, 2006. In October 2012, the plaintiff commenced this action pursuant to RPAPL article 15, seeking, among other things, a judgment declaring that she had acquired title and all rights, by adverse possession, to the defendants' portion of the double garage and the driveway, and that an easement over her property in favor of the defendants' property to access the double garage was extinguished. The plaintiff also asserted causes of action seeking to recover damages for use and occupancy, trespass, and slander of title. The defendants moved for summary judgment dismissing the complaint and for summary judgment on their first, third, and fourth counterclaims, which sought a judgment, inter alia, declaring that they are the owners of the disputed property and that the plaintiff has no interest in the disputed property, and related injunctive relief. By order dated February 26, 2015, the Supreme Court denied the motion, and the defendants appeal.

To establish a claim of title to real property by adverse possession, a party must prove, by clear and convincing evidence, that the possession was (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years (see Estate of Becker v Murtagh, 19 NY3d 75, 81 [2012]; Walling v Przybylo, 7 NY3d 228, 232 [2006]; Klein v Aronshtein, 116 AD3d 670, 671 [2014]). In 2008, the legislature amended the adverse possession statutes (see L 2008, ch 269; Estate of Becker v Murtagh, 19 NY3d at 81 n 4). These amendments included the following statutory definition of the "claim of right" element: "a reasonable basis for the belief that the property belongs to the adverse possessor or property owner, as the case may be" (RPAPL 501 [3]; see Hogan v Kelly, 86 AD3d 590, 592 [2011]). Furthermore, to extinguish an easement, a party must establish, by clear and convincing evidence, the five elements of adverse possession: that the party's use of the property adverse to the owner of the easement has been (1) hostile and under a claim of right,

(2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years (*see Spiegel v Ferraro*, 73 NY2d 622, 625 [1989]; *Koudellou v Sakalis*, 29 AD3d 640, 641 [2006]).

"A party claiming adverse possession may establish possession for the statutory period by 'tacking' the time that the party possessed the property onto the time that the party's predecessor adversely possessed the property" (*Munroe v Cheyenne Realty, LLC*, 131 AD3d 1141, 1142 [2015]; *see Stroem v Plackis*, 96 AD3d 1040, 1042-1043 [2012]). In order for tacking to be applicable, a party must show that the party's predecessor "intended to and actually turned over possession of the undescribed part with the portion of the land included in the deed" (*Brand v Prince*, 35 NY2d 634, 637 [1974]).

Here, the defendants' submissions were sufficient to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint. They submitted evidence demonstrating, among other things, that the plaintiff's use of the disputed property was not hostile and under a claim of right, but was permissive. In this regard, permissive use of the property at issue "negates the element of hostility necessary to establish a claim of adverse possession" (*Chatsworth Realty 344 v Hudson Waterfront Co. A*, 309 AD2d 567, 568 [2003]; *see Bratone v Conforti-Brown*, 79 AD3d 955, 957-958 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. It is undisputed that the plaintiff did not possess the disputed property for the 10-year statutory period. Contrary to the plaintiff's contention, she failed to provide evidence that the 10-year period could be satisfied by "tack[ing]" on the periods of adverse possession or use by her predecessors (*Munroe v Cheyenne Realty, LLC*, 131 AD3d at 1142; *see CSC Acquisition-NY, Inc. v 404 County Rd. 39A, Inc.*, 96 AD3d 986, 988 [2012]; *Reis v Coron*, 37 AD3d 803, 804 [2007]). The plaintiff's contention that the defendants' motion for summary judgment was premature also is without merit, since the plaintiff failed to demonstrate how discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the defendants' knowledge or control (*see* CPLR 3212 [f]; *Reyes v Carroll*, 137 AD3d 886, 890 [2016]). Consequently, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the plaintiff's adverse possession causes of action.

Since the plaintiff did not acquire title by adverse possession of the disputed property, the defendants are entitled to summary judgment dismissing the remaining causes of action,

which sought to recover damages for use and occupancy, trespass, and slander of title (*see Reyes v Carroll*, 137 AD3d at 888-889). The defendants are also entitled to summary judgment on their first, third, and fourth counterclaims. The defendants submitted the deed to their property as well as a survey of their property establishing that they are entitled to the requested declaratory and injunctive relief (*see CSC Acquisition-NY, Inc. v 404 County Rd. 39A, Inc.*, 96 AD3d at 988; *Skyview Motel, LLC v Wald*, 82 AD3d 1081, 1082 [2011]).

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendants are the owners of the disputed property and that the plaintiff has no interest in the disputed property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). The judgment should also include a provision enjoining the plaintiff from interfering with the defendants' quiet enjoyment of the disputed property. Eng, P.J., Leventhal, Cohen and Duffy, JJ., concur.