Tsyganash v Auto Mall Fleet Mgt., Inc. (2018 NY Slip Op 05517)





Tsyganash v Auto Mall Fleet Mgt., Inc.


2018 NY Slip Op 05517


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-03186
 (Index No. 506334/16)

[*1]Vyacheslav Tsyganash, appellant, 
v
Auto Mall Fleet Management, Inc., et al., respondents, et al., defendant.


TallerGallet, LLC, Forest Hills, NY (Regis A. Gallet of counsel), for appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated March 22, 2017. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability against the defendants Auto Mall Fleet Management, Inc., and Mordehai D. Edri.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability against the defendants Auto Mall Fleet Management, Inc., and Mordehai D. Edri is granted.
On January 17, 2016, the plaintiff was involved in a three-vehicle chain-reaction collision on Coney Island Avenue, near its intersection with Gerald Court, in Brooklyn. The plaintiff alleged that he was stopped in traffic when a vehicle owned by the defendant Auto Mall Fleet Management, Inc. (hereinafter Auto Mall), and operated by the defendant Mordehai D. Edri, struck the rear of a vehicle owned by the defendant CCAP Auto Lease Ltd. (hereinafter CCAP) and operated by the defendant Yisrael Rosenthal, propelling that stopped vehicle into the rear of the plaintiff's stopped vehicle. The plaintiff commenced this action to recover damages for personal injuries, alleging negligence. After joinder of issue, but prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability against Auto Mall and Edri. The Supreme Court, among other things, denied the plaintiff's motion.
A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (see Rodriguez v City of New York, 31 NY3d 312). A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case (see id.). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Figueroa v MTLR Corp., 157 AD3d 861; Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d 754).
The plaintiff's affidavit submitted in support of his motion established his prima facie entitlement to judgment as a matter of law. The plaintiff's affidavit demonstrated that he was [*2]stopped for between 5 and 10 seconds due to traffic related conditions before his vehicle was struck in the rear by the CCAP/Rosenthal vehicle. The plaintiff's affidavit also demonstrated that the vehicle operated by Edri struck the rear of the stopped vehicle owned by CCAP and operated by Rosenthal, which propelled that vehicle into the rear of the plaintiff's stopped vehicle. In opposition, Auto Mall and Edri failed to raise a triable issue of fact regarding a nonnegligent explanation for the rear-end collision. Furthermore, the contention of Auto Mall and Edri that the plaintiff's motion was premature pursuant to CPLR 3212(f) is unpersuasive. Auto Mall and Edri failed to demonstrate how discovery may lead to relevant evidence or that facts essential to opposing the motion were exclusively within the plaintiff's knowledge or control (see CPLR 3212[f]; Diaz v Mai Jin Yang, 148 AD3d 672, 674; see also Williams v Spencer-Hall, 113 AD3d 759, 760).
Consequently, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability against Auto Mall and Edri.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court