Yee v Panousopoulos (2019 NY Slip Op 07639)





Yee v Panousopoulos


2019 NY Slip Op 07639


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
ROBERT J. MILLER, JJ.


2018-09824
 (Index No. 4817/14)

[*1]Peter R. Yee, et al., respondents,
v
John Panousopoulos, appellant.


Adam Leitman Bailey, P.C., New York, NY (Jeffrey R. Metz, William J. Geller, and Courtney J. Lerias of counsel), for appellant.
Arniotes Calakos PLLC, Brooklyn, NY (Demetra Arniotes Calakos and Solomon & Siris, P.C. [Michael J. Siris], of counsel), for respondents.



DECISION & ORDER
In an action for declaratory and injunctive relief and to recover damages for trespass, the defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated July 2, 2018. The order, insofar as appealed from, granted the plaintiffs' motion, in effect, for summary judgment declaring that the defendant does not hold title to the subject property by adverse possession and, thereupon, directed the defendant to remove certain encroachments from the plaintiffs' property.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs' motion, in effect, for summary judgment declaring that the defendant does not hold title to the subject property by adverse possession is denied.
The plaintiffs and the defendant are owners, respectively, of adjacent parcels of real property in Brooklyn. The two properties are separated by a driveway located partially on the plaintiffs' property and partially on the defendant's property. The plaintiffs acquired title to their property by deed dated July 2, 2013. The defendant acquired title to his property, together with his brother, sister, and father as joint tenants with a right of survivorship, by deed dated December 6, 1994. Prior thereto, the defendant's brother and sister held title to that property as joint tenants pursuant to a deed dated September 19, 1978. In June 2012, the defendant acquired sole title to his property. In 1927, the parties' predecessors in interest entered into an agreement creating a reciprocal easement over the common driveway "for the purpose of ingress and egress . . . to and from the garages erected at the rear of the premises herein described" (hereinafter the easement). It is undisputed that the rear of both parcels were condemned due to the construction of the Gowanus Expressway and that, as of 1978, no garage existed on either property.
In April 2014, the plaintiffs commenced this action against the defendant to recover damages for trespass, to enjoin the defendant from interfering with their use of their property and the easement, and for a judgment declaring that the easement remained in full force and effect. The defendant answered and, in his first counterclaim, sought a judgment declaring that he holds title to the plaintiffs' portion of the driveway by adverse possession. The plaintiffs subsequently moved, in effect, for summary judgment declaring that the defendant does not hold title to the plaintiffs' [*2]portion of the driveway by adverse possession. In an order dated July 2, 2018, the Supreme Court granted the plaintiffs' motion and, thereupon, directed the defendant to remove a fence and gate encroaching on the plaintiffs' property. The court also, upon searching the record, awarded the defendant summary judgment declaring that the easement is invalid and dismissing the trespass and injunctive relief causes of action, and awarded the plaintiff summary judgment dismissing the defendant's second counterclaim, seeking to recover damages for trespass. In reaching its determination, the court determined that "[a]lthough the written easement is no longer valid, defendant has not sufficiently established the exclusivity element of his adverse possession claim" and that his use of the driveway was hostile. The defendant appeals from so much of the order as granted the plaintiffs' motion and, thereupon, directed him to remove the fence and gate.
To establish a claim of title to real property by adverse possession, a party must prove, by clear and convincing evidence, that the possession was (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years (see Estate of Becker v Murtagh, 19 NY3d 75, 81; Walling v Przybylo, 7 NY3d 228, 232; Diaz v Mai Jin Yang, 148 AD3d 672, 673). In 2008, the Legislature enacted amendments to the provisions of the RPAPL that address claims of adverse possession (see L 2008, ch 269). However, the 2008 amendments to the adverse possession statutes contained in RPAPL article 5 (see L 2008, ch 269) are not applicable where, as here, the alleged adverse possessor's property right, as alleged, vested prior to the enactment of those amendments (see Megalli v Yeager, 167 AD3d 860, 861; SLC Coram, LLC v 543 Middle Country Rd. Realty, LLC, 161 AD3d 1122, 1123; Pritsiolas v Apple Bankcorp, Inc., 120 AD3d 647, 649). Furthermore, "[a] party claiming adverse possession may establish possession for the statutory period by tacking' the time that the party possessed the property onto the time that the party's predecessor adversely possessed the property" (Munroe v Cheyenne Realty, LLC, 131 AD3d 1141, 1142; see Diaz v Mai Jin Yang, 148 AD3d at 674; Stroem v Plackis, 96 AD3d 1040, 1042-1043).
As a threshold matter, contrary to the defendant's contention, the Supreme Court did not improperly consider new arguments raised by the plaintiffs for the first time in their reply papers. "[T]he function of reply papers is to address arguments made in opposition to the position taken by the movant" (Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664 [internal quotation marks omitted]; see EDF Intl. Ltd. v Lacey Fashions Inc., 170 AD3d 575, 575; Matter of Harleysville Ins. Co. v Rosario, 17 AD3d 677, 677-678). Here, in reply, the plaintiffs responded to the arguments raised by the defendant in opposition to their motion concerning whether the evidence supported a finding that the defendant's use of the driveway was hostile, exclusive, and continuous for the statutory period of 10 years (see Central Mtge. Co. v Jahnsen, 150 AD3d at 664; Burns v Incorporated Vil. of Rockville Ctr., 65 AD3d 512, 513; Navarrete v A & V Pasta Prods., Inc., 32 AD3d 1003, 1004).
Turning to the merits, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the defendant's use of the driveway was not hostile and under a claim of right, but permissive (see Diaz v Mai Jin Yang, 148 AD3d at 674). In opposition, however, the defendant submitted an affidavit which raised triable issues of fact as to whether he acquired title to the plaintiffs' portion of the driveway based upon the actual, open, notorious, and exclusive possession and use of the driveway, under claim of right and for a period of at least 10 years, by him and his predecessors in interest (see DiLorenzo v Juan Ortoo Holdings, Ltd., 160 AD3d 1184, 1187; Menkes v Phillips, 93 AD3d 769, 770).
Accordingly, the Supreme Court should not have granted the plaintiffs' motion, in effect, for summary judgment declaring that the defendant does not hold title to the plaintiffs' portion of the driveway by adverse possession and, thereupon, directed the defendant to remove the fence and gate encroaching on the plaintiffs' property.
RIVERA, J.P., BALKIN, COHEN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court