Deutsche Bank Natl. Trust Co. v Nachimovsky (2020 NY Slip Op 06495)





Deutsche Bank Natl. Trust Co. v Nachimovsky


2020 NY Slip Op 06495


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2019-00808
 (Index No. 100/14)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Orna Nachimovsky, et al., defendants; Margirit Melamed, nonparty-appellant.


Yitzhak Law Group, Great Neck, NY (Lavinia A. Acaru of counsel), for nonparty-appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Morgan R. McCord of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Margirit Melamed appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 20, 2018. The order granted the plaintiff's motion for leave to enter a default judgment, for an order of reference, and related relief.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to foreclose a mortgage on certain residential property allegedly owned by the defendant Orna Nachimovsky. After Nachimovsky failed to appear or answer the complaint, the plaintiff moved for leave to enter a default judgment, for an order of reference, and related relief. Nonparty Margirit Melamed sought to oppose the plaintiff's motion on various grounds, contending as a preliminary matter that she had standing to do so because she had acquired title to the property by adverse possession.
In the order appealed from, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment, for an order of reference, and related relief, determining, as relevant herein, that Melamed had failed to establish that she acquired title to the property by adverse possession and, in effect, therefore, that she lacked standing to oppose the plaintiff's motion. Melamed appeals.
In order to establish that she acquired title to the property by adverse possession, Melamed "was required to prove, by clear and convincing evidence, that [her] possession of the property was (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required statutory period" (Fini v Marini, 164 AD3d 1218, 1220; see RPAPL 501[2]). Here, the evidence in the record negated Melamed's claim that her possession of the property was hostile and under claim of right (see RPAPL 501[3]; Fini v Marini, 164 AD3d at 1220; D'Argenio v Ashland Bldg., LLC, 78 AD3d 758, 759; Turner v Baisely, 197 AD2d 681, 682).
Under such circumstances, we agree with the Supreme Court's determination that [*2]Melamed failed to establish that she acquired title to the property by adverse possession and, in effect, therefore, that she lacked standing to oppose the plaintiff's motion.
In light of our determination, we need not reach Melamed's remaining contentions.
MASTRO, J.P., LEVENTHAL, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court