Bullock v Louis (2020 NY Slip Op 06484)





Bullock v Louis


2020 NY Slip Op 06484


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2019-04551
 (Index No. 703619/16)

[*1]Kimberly A. Bullock, etc., respondent,
v
Emmanuel Louis, et al., appellants.


Regina Felton, Brooklyn, NY, for appellants.
Yvette Dudley Law Group, P.C., Springfield Gardens, NY, for respondent.



DECISION & ORDER
In an action to recover real property and damages for trespass, the defendants appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated March 1, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint and on their counterclaims for adverse possession, granted the plaintiff's cross motion for summary judgment on the issue of liability on the complaint, and canceled the notice of pendency against the subject real property.
ORDERED that the order is affirmed, with costs.
The plaintiff and the defendants own adjoining parcels of real property located in Queens. The defendants acquired title to their property on March 28, 2006. The plaintiff acquired title to her property, a vacant lot, in 2008. In November 2015, the plaintiff had a survey taken of her property, which showed that 4.5 feet of the defendants' concrete driveway encroached on the plaintiff's property. On March 25, 2016, the plaintiff commenced this action to recover real property and to recover damages for trespass. The defendants asserted counterclaims alleging that they had acquired title to the encroaching 4.5-foot wide strip and to the plaintiff's entire lot by adverse possession. The defendants moved for summary judgment dismissing the complaint and on their counterclaims. The plaintiff cross-moved for summary judgment on the issue of liability on the complaint. The Supreme Court denied the defendants' motion and granted the plaintiff's cross motion. The defendants appeal.
In order to establish adverse possession, a party must "demonstrate, by clear and convincing evidence, that [the] possession has 'been adverse, under claim of right, open and notorious, continuous, exclusive, and actual' for a period of 10 years" (168-170 Flushing Ave, LLC v February 22, LLC, 165 AD3d 742, 743, quoting RPAPL 501[2]).
Here, the Supreme Court properly applied the 2008 amendments to RPAPL article 5 to this action, as the plaintiff demonstrated that the defendants' purported adverse possession did not vest prior to the enactment of those amendments to the statute (see Houdek Real Estate Co., LLC v Bayport Postal Realty, LLC, 180 AD3d 761, 762; Reyes v Carroll, 137 AD3d 886, 887). The plaintiff established, prima facie, that the defendants did not acquire title to either the encroaching [*2]strip of driveway or the plaintiff's parcel as a whole by adverse possession, by demonstrating that the defendants had not possessed the disputed property for 10 years (see Diaz v Mai Jin Yang, 148 AD3d 672, 674; Reyes v Carroll, 137 AD3d at 888). Moreover, the defendants' "plantings of foliage and shrubbery, and landscaping and lawn maintenance are de minimis and deemed permissive and nonadverse" (Hartman v Goldman, 84 AD3d 734, 736; see RPAPL 543).
Since the plaintiff established that the defendant did not acquire title to the disputed property by adverse possession, and the plaintiff's survey demonstrated that the defendants' driveway encroached on her property, the plaintiff is entitled to summary judgment on the issue of liability on the complaint (cf. Diaz v Mai Jin Yang, 148 AD3d at 674; Reyes v Carroll, 137 AD3d at 889-890). Contrary to the defendants' contention, there were no triable issues of fact precluding summary judgment on the issue of liability.
The defendants' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint and on their counterclaims for adverse possession, granting the plaintiff's cross motion for summary judgment on the issue of liability on the complaint, and canceling the notice of pendency against the subject property.
LEVENTHAL, J.P., ROMAN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court