Matter of Elliott (2025 NY Slip Op 01093)

Matter of Elliott

2025 NY Slip Op 01093

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-09882
2024-09254

[*1]In the Matter of Louise Elliott, deceased. Lois M. Rosenblatt, etc., petitioner-respondent; Cheryl L. Erato, nonparty-respondent; Derrick Adams, et al., appellants. (File No. 1995/18)

Law Office of Lawrence G. Campbell, PLLC, Jamaica, NY, for appellants.
Sweeney, Reich & Bolz, LLP, Lake Success, NY (Gerard J. Sweeney of counsel), for petitioner-respondent.

DECISION & ORDER
In a proceeding for the administration of the estate of Louise Elliott, in which Lois M. Rosenblatt petitioned for judicial settlement of the final account of the estate, the objectants appeal from (1) an order of the Surrogate's Court, Queens County (Peter J. Kelly, S.), dated November 7, 2022, and (2) a decree of the same court dated November 22, 2022. The order granted the motion of Lois M. Rosenblatt for summary judgment dismissing the objections to the final account and denied the objectants' cross-motion for summary judgment, in effect, on their objections. The decree, upon the order, inter alia, judicially settled the final account.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the decree is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the petitioner, payable personally by the objectants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the decree in this proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the decree (see CPLR 5501[a][1]).
Louise Elliott (hereinafter the decedent) died in June 2000 and was survived by six children, including her daughter Annette Adams. At the time of her death, the decedent was the sole owner of real property located in Ozone Park (hereinafter the subject property). The objectants, the son and daughter-in-law of Annette Adams, moved into the subject property in 2001. In February 2020, Lois M. Rosenblatt, the Public Administrator of Queens County (hereinafter the public administrator), was appointed to administer the decedent's estate. In 2021, the public administrator sold the subject property, and the objectants voluntarily vacated the subject property.
Subsequently, the public administrator petitioned for judicial settlement of the final account of the estate. In December 2021, the objectants filed objections to the final account, alleging, among other things, that they had acquired ownership of the subject property by adverse possession. The public administrator thereafter moved for summary judgment dismissing the objections. The objectants opposed the motion and cross-moved for summary judgment, in effect, on their objections. By order dated November 7, 2022, the Surrogate's Court granted the public administrator's motion and denied the objectants' cross-motion. A decree dated November 22, 2022, was issued, upon the order, inter alia, judicially settling the final account. The objectants appeal.
"To establish a claim of title to real property by adverse possession, a party must prove, by clear and convincing evidence, that the possession was (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years" (Diaz v Mai Jin Yang, 148 AD3d 672, 673; see Estate of Becker v Murtagh, 19 NY3d 75, 81; Walling v Przybylo, 7 NY3d 228, 232). Here, the public administrator's submissions were sufficient to establish, prima facie, among other things, that the objectants' use of the subject property was not hostile and under a claim of right (see Deutsche Bank Natl. Trust Co. v Nachimovsky, 188 AD3d 811, 812; Fini v Marini, 164 AD3d 1218, 1220; Diaz v Mai Jin Yang, 148 AD3d at 674). In opposition, the objectants failed to raise a triable issue of fact.
The objectants' remaining contentions are without merit.
Accordingly, the Surrogate's Court properly granted the public administrator's motion for summary judgment dismissing the objections and denied the objectants' cross-motion for summary judgment, in effect, on their objections.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court