Perillo v Charles (2025 NY Slip Op 02229)

Perillo v Charles

2025 NY Slip Op 02229

Decided on April 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-06650
 (Index No. 151092/21)

[*1]Diane Perillo, respondent, 
v
Hilary B. Charles, et al., appellants.

Tamara M. Harris, Forest Hills, NY, for appellants.
Corash & Hollender, P.C., Staten Island, NY (Mariam Zakhary of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass and for injunctive relief, the defendants appeal from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated May 22, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' counterclaim alleging adverse possession.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' counterclaim alleging adverse possession is denied.
The plaintiff and the defendants own adjoining parcels of real property in Staten Island. The plaintiff acquired title to her property in February 2005. The defendants acquired title to their property in November 2006. The properties were separated by a chain link fence with a gate, which allowed access from the defendants' property to Brighton Avenue. In 2021, the plaintiff commenced this action, inter alia, to recover damages for trespass, alleging that the defendants had illegally installed the gate on her property. The complaint also sought injunctive relief enjoining the defendants from encroaching onto her property and directing the removal of the gate. The defendants interposed an answer and asserted a counterclaim alleging, among other things, that they had acquired title to the disputed property on which the gate was located by adverse possession.
The plaintiff subsequently moved, inter alia, for summary judgment dismissing the defendants' counterclaim alleging adverse possession. In support of her motion, the plaintiff submitted evidence demonstrating, among other things, that the defendants installed the gate on her property in or around November 2016. In opposition, the defendants submitted their own affidavits wherein they averred, inter alia, that the chain link fence and gate were already in existence when they purchased their property in November 2006, and that the disputed property on which the gate was located belonged to them. Additionally, the defendants asserted that they had exclusively used the disputed property with the gate since 2006, including as an emergency exit for a child daycare business that the defendant Benedicta Charles operated on the defendants' premises.
In an order dated May 22, 2023, the Supreme Court, inter alia, granted that branch [*2]of the plaintiff's motion which was for summary judgment dismissing the defendants' counterclaim alleging adverse possession. The defendants appeal.
"To establish a claim of title to real property by adverse possession, a party must prove, by clear and convincing evidence, that the possession was (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period of 10 years" (Diaz v Mai Jin Yang, 148 AD3d 672, 673; see Estate of Becker v Murtagh, 19 NY3d 75, 81). In 2008, the Legislature enacted changes to the adverse possession statutes contained in RPAPL article 5 (see L 2008, ch 269; Diaz v Mai Jin Yang, 148 AD3d at 673; Hogan v Kelly, 86 AD3d 590, 591). The amendments included, for the first time, a statutory definition of the "claim of right" element, namely, "a reasonable basis for the belief that the property belongs to the adverse possessor or property owner, as the case may be" (RPAPL 501[3]; see Diaz v Mai Jin Yang, 148 AD3d at 673; Hogan v Kelly, 86 AD3d at 592).
Here, the plaintiff demonstrated, prima facie, that the 2008 amendments to RPAPL article 5 were applicable to this action (see Bullock v Louis, 188 AD3d 783, 784; Reyes v Carroll, 137 AD3d 886, 887). The plaintiff also demonstrated, prima facie, that the defendants did not acquire title to the disputed property by adverse possession, by demonstrating that the defendants' use of the disputed property was not under a claim of right (see Diaz v Mai Jin Yang, 148 AD3d at 674), and that the defendants had not possessed the disputed property for 10 years (see Bullock v Louis, 188 AD3d at 784).
In opposition, however, the defendants submitted, inter alia, their affidavits, as well as records relating to the use of the disputed property by the defendants in connection with the operation of the child daycare business, which raised triable issues of fact as to whether they acquired title to the disputed property based upon the actual, open, notorious, and exclusive possession and use of the property, under claim of right and for a period of at least 10 years (see Yee v Panousopoulos, 176 AD3d 1142, 1145; DiLorenzo v Juan Ortoo Holdings, Ltd., 160 AD3d 1184, 1187).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' counterclaim alleging adverse possession.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court