Leong v Larroca Finest Home Design, LLC (2025 NY Slip Op 04983)

Leong v Larroca Finest Home Design, LLC

2025 NY Slip Op 04983

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2025-01778
 (Index No. 704208/23)

[*1]Rickie Leong, et al., respondents, 
v
Larroca Finest Home Design, LLC, appellant.

Milenkovich Law Group PLLC, White Plains, NY (Srdjan Milenkovic of counsel), for appellant.
Fred L. Seeman, New York, NY (Peter Kirwin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the plaintiffs are the owners of certain real property by adverse possession, the defendant appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered January 8, 2025. The order, insofar as appealed from, in effect, denied the defendant's motion for summary judgment dismissing the amended complaint and, in effect, for a judgment declaring that the plaintiffs are not the owners of the disputed property by adverse possession.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, denying those branches of the defendant's motion which were for summary judgment dismissing the first, second, third, and fifth causes of action, and, in effect, for a judgment declaring that the plaintiffs are not the owners of the disputed property by adverse possession, and substituting therefor a provision granting those branches of the defendant's motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the plaintiffs are not the owners of the disputed property by adverse possession.
The plaintiffs own residential real property that abuts the rear of real property owned by the defendant. The plaintiffs acquired their property in 2009, and the defendant acquired its property in 2022. In 2023, the plaintiffs commenced this action, among other things, pursuant to RPAPL article 15 for a judgment declaring that they are the owners of a portion of the defendant's property that the plaintiffs partially utilized as their rear yard (hereinafter the disputed property) by adverse possession (first cause of action). The plaintiffs also asserted causes of action to recover damages for trespass (second cause of action), unlawful ejectment (third cause of action), and negligence (fourth cause of action), and for related injunctive relief (fifth cause of action). The defendant moved for summary judgment dismissing the amended complaint and, in effect, for a judgment declaring that the plaintiffs are not the owners of the disputed property by adverse possession. In an order entered January 8, 2025, the Supreme Court, inter alia, in effect, denied the defendant's motion. The defendant appeals.
"'To establish a claim of adverse possession, the occupation of the property must be (1) hostile and under a claim of right (i.e., a reasonable basis for the belief that the subject property [*2]belongs to a particular party), (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the statutory period'" (169 MLS Realty Corp. v One 69 Skill Corp., 197 AD3d 1079, 1081, quoting Estate of Becker v Murtagh, 19 NY3d 75, 81; see RPAPL 501; Buckheit v Aiken, 232 AD3d 842, 843). In 2008, the Legislature amended the adverse possession statute to, "among other things, discourage people from claiming adverse possession over real property they know belongs to another with superior ownership rights" (Estate of Becker v Murtagh, 19 NY3d at 81 n 4; see L 2008, ch 269; Perillo v Charles, 237 AD3d 984; Diaz v Mai Jin Yang, 148 AD3d 672, 673). "These amendments included the following statutory definition of the 'claim of right' element: 'a reasonable basis for the belief that the property belongs to the adverse possessor or property owner, as the case may be'" (Diaz v Mai Jin Yang, 148 AD3d at 673, quoting RPAPL 501[3]; see Buckheit v Aiken, 232 AD3d at 843).
Here, the defendant established, prima facie, that the plaintiffs did not acquire title to the disputed property by adverse possession by demonstrating that the plaintiffs' use of the disputed property was not under a claim of right, as the plaintiffs were aware since at least July 15, 2009, that the disputed property was not included within the boundary lines of the plaintiffs' property and, consequently, did not belong to them (see RPAPL 501[3]; Perillo v Charles, 237 AD3d 984; Deutsche Bank Natl. Trust Co. v Nachimovsky, 188 AD3d 811, 812; Diaz v Mai Jin Yang, 148 AD3d at 673). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether they had a reasonable basis to believe that the disputed property belonged to them alone (see Diaz v Mai Jin Yang, 148 AD3d at 673). Thus, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action for a judgment declaring that the plaintiffs are the owners of the disputed property by adverse possession and, in effect, for a declaratory judgment in the defendant's favor.
Moreover, since the plaintiffs did not acquire title of the disputed property by adverse possession, the defendant was also entitled to summary judgment dismissing the causes of action to recover damages for trespass and unlawful ejectment and for related injunctive relief (see id.).
However, the Supreme Court properly, in effect, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for negligence. This cause of action was not dependent on the plaintiffs' title to the disputed property, and the defendant's submissions otherwise failed to establish its prima facie entitlement to judgment as a matter of law dismissing this cause of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the plaintiffs are not the owners of the disputed property by adverse possession (see Lanza v Wagner, 11 NY2d 317, 334).
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court