ABRAHAM GREENFIELD, Respondent, v. REALTY FUNDS, INC., et al., Appellants.—

The time of the defendants (other than the defendant Isidore Greenfield individually) to serve their answers is extended until 20 days after entry of the order hereon. It is doubtful that the Surrogate's Court would have jurisdiction of the action to set aside the transfer of the real property in view of the fact that the relief sought is by plaintiff individually against defendants Charles Greenfield and Isidore Greenfield as individuals, for their acts before the death of their mother, Rose Greenfield. Where the power of the Surrogate's Court to grant relief is in doubt, while the plenary power of the Supreme Court to do so is clear, a motion to transfer an action from the Supreme Court to the Surrogate's Court should be denied (cf. *Wyatt* v. *Fulrath*, 13 A D 2d 250). The complaint states a cause of action against all defendants other than Isidore Greenfield individually, both with respect to the transfer of the real property and the personal property. While ordinarily, as a distributee of his mother's estate, plaintiff would have no independent cause of action in his own right to recover the personal property allegedly transferred to another by the mother during her lifetime, nevertheless, on the refusal of the administrator (plaintiff's brother, Charles), after due demand, to bring such an action, plaintiff may properly do so (*Bonham* v. *Coe*, 249 App. Div. 428, affd. 276 N. Y. 540). Here, such demand is not necessary because the administrator himself is the transferee and the claimed wrongdoer. The complaint demands that the deed to the real property and the transfer of the bank account be set aside, that the money withdrawn from the bank account be declared to belong to the mother and to be part of her estate, and that defendants be declared to be trustees of all such property; the complaint also seeks an accounting and an injunction. As against defendant Isidore Greenfield individually, the complaint is insufficient because there is no claim that he received any of the assets involved. Therefore, none of the relief requested may be obtained as against him. The denial of the motion to compel plaintiff to serve an amended com-

plaint separately stating and numbering his causes of action, was not an improvident exercise of discretion. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.