■ QUINTIN GARCIA, Appellant, v DARLENE VELAQUEZ, Also Known as DARLENE GARCIA, Respondent. [644 NYS2d 825] —White, J.

It is alleged in the complaint that plaintiff and defendant took title as joint tenants to real property located on David Lane, in the Village of Wurstboro, Sullivan County, in January 1976. Both of their names appear on the deed and on the note and mortgage lien that are secured by the property. Plaintiff and defendant resided on the property from January 1976 to May 1980, holding themselves out as husband and wife although they were never married. The parties' relationship ended in 1980 and, since that time, defendant has not communicated with plaintiff nor has she made any contributions toward the property's upkeep, taxes or mortgage indebtedness.

In June 1995, plaintiff commenced this action pursuant to RPAPL article 15 and thereafter effected service upon defendant by publication. In September 1995, no appearance having been made by defendant, plaintiff moved for a default judgment. Supreme Court denied the motion. Plaintiff appeals.

We affirm Supreme Court's ruling that plaintiff has failed to state a cause of action upon which relief can be granted.

RPAPL 1501 (1) provides that a person claiming an interest in real property may maintain an action against any other person to compel the determination of any claim adverse to theirs. Plaintiff cannot satisfy this statutory requirement because defendant's claim is not adverse to his since it cannot defeat or diminish his interest in the subject property (see, 90 NY Jur 2d, Real Property—Possessory Actions, § 411, at 320, n 73). We note that plaintiff is not without recourse since he could maintain an action for partition (RPAPL art 9).

Cardona, P. J., Mikoll, Mercure and Spain, JJ., concur. Ordered that the order is affirmed, without costs.