■ SCOTT HARTMAN et al., Appellants, v DORIAN GOLDMAN, Respondent. [924 NYS2d 97]—

In an action, inter alia, for a judgment declaring that the plaintiffs acquired title to certain real property of the defendant by adverse possession, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County, (Colabella, J.), entered March 30, 2010, as granted that branch of the defendant's cross motion which was for summary judgment, in effect, dismissing so much of the complaint alleging adverse possession as is based upon the installation of driveway lights, the planting of foliage and shrubbery, and landscaping and lawn maintenance, and as denied their application pursuant to CPLR 3212 (b) for summary judgment on the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiffs' application

pursuant to CPLR 3212 (b) for summary judgment on the complaint is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs and the defendant are neighboring residential property owners. The plaintiffs seek title through adverse possession to a strip of land on the defendant's property directly adjacent to the eastern edge of the plaintiffs' driveway (hereinafter the disputed strip). The plaintiffs believed they owned the disputed strip based upon a survey they obtained in 1987, when they purchased the property and built their home. They allege that, over the course of more than 20 years, they have installed a drainage system beneath the land and driveway lights, planted new foliage and shrubbery, and maintained and landscaped the lawn. In 2007, the defendant commissioned a land survey, which concluded that the disputed strip belonged to her. According to that survey, a bed of shrubbery, a six-inch edge at the end of the plaintiffs' driveway, and one of the three driveway lights are on the defendant's side of the property line, and another driveway light is on the property line.

The plaintiffs commenced the present action in April 2009, inter alia, for a judgment declaring they acquired title to the disputed strip through adverse possession. The Supreme Court granted that branch of the defendant's cross motion which was for summary judgment, in effect, dismissing so much of the complaint as is based upon the plaintiffs' installation of driveway lights, planting of foliage and shrubbery, and landscaping and lawn maintenance, holding that such de minimis encroachments are deemed permissive and nonadverse pursuant to RPAPL 543. The Supreme Court denied that branch of the defendant's cross motion which pertained to the alleged drainage system with leave to renew after the completion of discovery, holding that the defendant had failed to eliminate triable issues of fact as to whether the plaintiffs' installation of the system could sustain their adverse possession claim. We affirm.

The parties do not dispute that this action is governed by article 5 of the RPAPL, as amended in 2008, applicable to all claims filed on or after July 7, 2008 (L 2008, ch 269, § 9). Under the current law, an "adverse possessor" is defined as a person who "occupies real property of another person or entity with or without knowledge of the other's superior ownership rights, in a manner that would give the owner a cause of action for eject-

ment" (RPAPL 501 [1]). The adverse possessor acquires title to the occupied real property upon the expiration of the 10-year statutory period (*see* CPLR 212 [a]) where the use "has been adverse, under claim of right, open and notorious, continuous, exclusive, and actual" (RPAPL 501 [2]). With respect to an adverse possession claim not founded upon a written instrument or judgment, land "is deemed to have been possessed and occupied" only "[w]here there have been acts sufficiently open to put a reasonably diligent owner on notice," or "[w]here it has been protected by a substantial enclosure" (RPAPL 522). RPAPL 543 provides, however, that "the existence of de [minimis] non-structural encroachments including, but not limited to, fences, hedges, shrubbery, plantings, sheds and nonstructural walls," as well as "the acts of lawn mowing or similar maintenance across the boundary line of an adjoining landowner's property shall be deemed permissive and nonadverse."

RPAPL 543 represents a change in the law. In pre-amendment cases, the existence of the kinds of nonstructural encroachments and maintenance listed in RPAPL 543 could be considered in determining whether the plaintiff had shown that he or she usually cultivated, improved, or substantially enclosed the land, and the type of cultivation or improvement sufficient to satisfy the statute varied with the character, condition, location, and potential uses of the property (*see Asher v Borenstein*, 76 AD3d 984, 986 [2010]; *cf. Walsh v Ellis*, 64 AD3d 702, 704-705 [2009]). Under the plain terms of RPAPL 543 as amended, the plaintiffs' plantings of foliage and shrubbery, and landscaping and lawn maintenance are de minimis and deemed permissive and nonadverse (*see Sawyer v Prusky*, 71 AD3d 1325, 1327 [2010]). Further, the driveway lights installed by the plaintiffs, which are approximately four feet high and six inches in diameter, are also governed by RPAPL 543, which applies to all de minimis, nonstructural encroachments "including, but not limited to," those expressly listed in the statute. Accordingly, the Supreme Court properly granted that branch of the defendant's cross motion which was for summary judgment, in effect, dismissing so much of the complaint alleging adverse possession as is based upon these de minimis encroachments. As triable issues of fact exist with respect to the remaining portion of the complaint, the Supreme Court properly declined to award summary judgment to either the plaintiffs or the defendant (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The plaintiffs' remaining contentions are without merit. Covello, J.P., Angiolillo, Dickerson and Roman, JJ., concur.