Order, Supreme Court, New York County (Manuel Mendez, J.), entered August 2, 2012, which denied plaintiffs’ motion to renew, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion granted and, upon renewal, defendant Classic Brownstones Unlimited, LLC’s (defendant) motion to dismiss and for summary judgment denied. Appeal from order, same court and Justice, entered *590 August 30, 2011, which granted defendant’s motion to dismiss and for summary judgment, unanimously dismissed, without costs, as academic.
In this action to quiet title to real property located at 15 West 129th Street in New York, brought pursuant to RPAPL article 15, defendant met its prima facie burden of showing that it is a bona fide purchaser for value, entitled to the protection of Real Property Law § 266, by submitting the deeds in its chain of title, all of which were duly acknowledged and recorded, and an affidavit from defendant’s managing member explaining that defendant purchased the subject property for $1,650,000 in an arms length transaction (see Commandment Keepers Ethiopian Hebrew Congregation of the Living God, Pillar & Ground of Truth, Inc. v 31 Mount Morris Park, LLC, 76 AD3d 465 [1st Dept 2010]). In opposing defendant’s motion, plaintiffs failed to raise an issue of fact because they only proffered the affirmation of counsel (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]; Murray v City of New York, 74 AD3d 550 [1st Dept 2010]). However, in support of the motion to renew, plaintiffs submitted an abundance of evidence, including six affidavits and sworn statements and a host of public records, showing that the deed purportedly conveying the subject property, which was signed by Robert Adamson, as president of plaintiff Fan-Dorf Properties, Inc., was forged.
Plaintiffs’ evidence established that Robert Adamson never existed, was never president of Fan-Dorf, and that plaintiff Michael Adamson’s decedent, Randolph Adamson, who was FanDorf s president prior to his death, had singlehandedly managed the corporation. Plaintiffs also proffered evidence that defendant 15 West 129th Street Corp. was not incorporated until after the deed purporting to convey title to it was executed, which would render the deed void (see Matter of Hausman, 13 NY3d 408, 410-413 [2009]; Diallo v Grand Bay Assoc. Enters., Inc., 85 AD3d 628 [1st Dept 2011]). Accordingly, Real Property Law § 266, which “applies to fraud situations that are voidable, not those which are void such as here where a forged deed is alleged” (Yin Wu v Wu, 288 AD2d 104, 105 [1st Dept 2001]), is inapplicable. Thus, this action is governed by the 10 year statute of limitations pursuant to CPLR 212 (a) rather than the 6 year statute of limitations pursuant to CPLR 213 (8), requiring denial of defendant’s motion to dismiss on statute of limitations grounds.
The portion of defendant’s motion seeking summary judgment must also be denied since plaintiffs demonstrated that there are questions of fact as to whether defendant is a bona *591 fide purchaser for value and whether the deed purporting to convey the property from Fan-Dorf to defendant was forged (see Yin Wu, 288 AD2d at 105; see Marden v Dorthy, 160 NY 39 [1899]; ABN AMRO Mtge. Group, Inc. v Stephens, 91 AD3d 801, 803 [2d Dept 2012]; LaSalle Bank Natl. Assn, v Ally, 39 AD3d 597, 599-600 [2d Dept 2007]).
We have considered the parties’ remaining arguments and find them unavailing. Concur—Tom, J.P., Sweeny, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ.