█ PATRICIA ELAM, Appellant, v ALTERED EGO REALTY HOLDING CORP. et al., Respondents, et al., Defendants. [981 NYS2d 124]—

In an action pursuant to RPAPL article 15 to quiet title to real property, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Lewis, J.), dated February 8, 2012, which granted the motion of the defendants Christina H. Prostano and Charles W. Waldron pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them and denied her cross motion pursuant to CPLR 3215 for leave to enter judgment against the defendant Altered Ego Realty Holding Corp. upon its failure to appear or answer the complaint, and (2), as limited by her brief, from so much of an order of the same court dated September 7, 2012, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated February 8, 2012, is dismissed, as that order was superseded by the order dated September 7, 2012, made upon renewal and reargument; and it is further,

Ordered that the order dated September 7, 2012, is modified, on the law, by deleting the provision thereof, upon renewal and reargument, adhering to so much of the order dated February 8, 2012, as granted the motion of the defendants Christina H. Prostano and Charles W. Waldron pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them, and substituting therefor a provision, upon renewal and reargument, vacating that portion of the order dated February 8, 2012, and thereupon denying the motion; as so modified, the order dated September 7, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants Christina H. Prostano and Charles W. Waldron.

By deed dated March 16, 1988, and recorded on March 24, 1988, the plaintiff's decedent acquired title to the subject premises. The decedent purportedly conveyed title to the subject premises to the defendant Altered Ego Realty Holding Corp. (hereinafter Altered Ego), by deed dated March 11, 1998, and recorded on March 12, 1998. Thereafter, title to the subject premises was purportedly transferred multiple times until it was ultimately transferred to the defendants Christina H. Prostano and Charles W. Waldron (hereinafter together the moving defendants) by deed dated March 15, 2002, and recorded on April 8, 2002.

In June 2010, the plaintiff, as executor of the decedent's estate, commenced this action to quiet title to the subject premises, alleging, among other things, that the decedent's signature on the 1998 deed conveying title to the subject

premises to Altered Ego was forged and, therefore, the 1998 deed as well as all subsequent deeds and mortgages were void. The moving defendants moved pursuant to CPLR 3211 (a) to dismiss the amended complaint insofar as asserted against them on the ground that the action was time-barred, and the plaintiff cross-moved pursuant to CPLR 3215 for leave to enter judgment against Altered Ego upon its failure to appear or answer the complaint.

Contrary to the moving defendants' contention, this action, in which the plaintiff seeks to quiet title, is governed by the 10-year statute of limitations of CPLR 212 (a) (*see Stevens v Communicare Props., LLC*, 111 AD3d 614 [2013]; *Fan-Dorf Props., Inc. v Classic Brownstones Unlimited, LLC*, 103 AD3d 589, 590 [2013]; *Tok Hwai Koo v Koo Wine & Liq.*, 170 AD2d 360, 361 [1991]). Moreover, the plaintiff sufficiently alleged possession of the subject premises. In this regard, CPLR 212 (a) provides that "[a]n action to recover real property or its possession cannot be commenced unless the plaintiff, or his predecessor in interest, was seized or possessed of the premises within ten years before the commencement of the action" (CPLR 212 [a]; *see WPA Acquisition Corp. v Lynch*, 82 AD3d 1215, 1216 [2011]). However, CPLR 212 (a) must be read together with RPAPL 311, which provides that "the person who establishes a *legal title* to the premises is presumed to have been possessed thereof within the time required by law; and the occupation of the premises by another person is deemed to have been under and in subordination to the legal title unless the premises have been held and possessed adversely to the legal title for ten years before the commencement of the action" (RPAPL 311 [emphasis added]; *see County of Suffolk Div. of Real Prop. Acquisition & Mgt. v Kandler*, 20 Misc 3d 136[A], 2008 NY Slip Op 51525[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; *see also* 1-212 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 212.01).

Here, the plaintiff sufficiently alleged possession of the subject premises within 10 years of commencing this action by asserting that the 1998 deed to Altered Ego, as well as each subsequent deed in the chain of title, was void. Under these circumstances, "the plaintiff, as the alleged legal title holder of the premises, is presumed to have possession of the premises within the time required" (*Stevens v Communicare Props., LLC*, 111 AD3d at 615; *see* RPAPL 311; *County of Suffolk Div. of Real Prop. Acquisition & Mgt. v Kandler*, 20 Misc 3d 136[A], 2008 NY Slip Op 51525[U], *2; *see also* 1-212 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 212.01). Accordingly, the Supreme Court should have denied the moving defendants' motion pursuant to CPLR

3211 (a) to dismiss the amended complaint insofar as asserted against them.

However, the Supreme Court properly denied the plaintiff's cross motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant Altered Ego, as the plaintiff failed to establish that she had a viable cause of action against that defendant. Altered Ego, as a predecessor in title which claimed no interest in the subject premises, was not a proper party in this action to quiet title (*see* RPAPL 1501, 1511; *Mc-Gahey v Topping*, 255 AD2d 562, 563 [1998]; *Garcia v Velaquez*, 228 AD2d 937, 938 [1996]; *Berman v Golden*, 131 AD2d 416, 418 [1987]). Balkin, J.P., Chambers, Austin and Roman, JJ., concur.