In the Matter of LIONELLO MARINI, Deceased. LEON MARINI, Respondent; HSBC BANK USA, N.A., Formerly Known as HSBC BANK USA, Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of MELITA MARINI, Deceased. LEON MARINI, Respondent; HSBC BANK USA, N.A., Formerly Known as HSBC BANK USA, Appellant, et al., Respondents. (Proceeding No. 2.) [989 NYS2d 487]—

In related proceedings for the administration of decedents' estates, in which Leon Marini petitioned, inter alia, to determine claims to certain real property pursuant to article 15 of the Real Property Actions and Proceedings Law, HSBC Bank USA, N.A., formerly known as HSBC Bank USA, appeals, as limited by its notice of appeal and brief, from so much of an order of the Surrogate's Court, Richmond County (Gigante, S.), dated September 21, 2011, as denied its motion pursuant to CPLR 3211 (a) to dismiss the petitions insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

At the time of their respective deaths in 2004 and 2009, Melita Marini and Lionello Marini (hereinafter together the decedents) lived in an income-producing property on Staten Island (hereinafter the property), which they purchased as tenants by the entirety in 1980. The decedents both died intestate, survived by their sons, Leon Marini (hereinafter Leon) and Richard Marini (hereinafter Richard). On November 22, 2010, Leon filed two petitions in the Richmond County Surrogate's Court, in his representative capacity as the administrator of the decedents' estates. The petitions identically alleged that, after his father's death in 2009, Leon learned that the decedents had purportedly transferred title to the property to Richard's daughter, their granddaughter Jennifer, for no consideration, pursuant to a deed dated July 30, 1999 (hereinafter the 1999 deed). The petitions alleged that Jennifer transferred the property to Richard

by a deed dated September 25, 2003, also without consideration, and that Richard sold the property to purchaser Guy G. Giuliano for the sum of $800,000, and tendered Giuliano a deed that was recorded on or about October 19, 2006. The petitions alleged that Giuliano financed the purchase with two mortgages secured by the property in the respective amounts of $600,000 and $200,000, with the larger mortgage assigned to the appellant, HSBC Bank USA, N.A., formerly known as HSBC Bank USA (hereinafter HSBC), by the original lender on or about August 26, 2009 (hereinafter the mortgage).

The petitions further alleged that the decedents' signatures on the 1999 deed were forged, although notarized, pursuant to a fraudulent scheme devised by Jennifer and Richard, of which Giuliano allegedly was aware when he purchased the property. The petitions sought declaratory judgments pursuant to article 15 of the Real Property Actions and Proceedings Law annulling and vacating the various conveyances and seeking the complete discharge of the mortgages, and they were based on the fraudulent conveyances for the alleged benefit of the decedents' estates.

HSBC moved pursuant to CPLR 3211 (a) to dismiss the petitions insofar as asserted against it. In the order appealed from, the Surrogate's Court denied HSBC's motion.

On a motion to dismiss a pleading pursuant to CPLR 3211 (a) (7), "the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). The facts as alleged are to be accepted as true, the pleading party is to be accorded the benefit of every possible favorable inference and the court is required to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d at 87-88).

"A deed based on forgery or obtained by false pretenses is void ab initio, and a mortgage based on such a deed is likewise invalid" (*Cruz v Cruz*, 37 AD3d 754, 754 [2007]). "If a document purportedly conveying a property interest is void, it conveys nothing, and a subsequent bona fide purchaser or bona fide encumbrancer for value receives nothing" (*ABN AMRO Mtge. Group, Inc. v Stephens*, 91 AD3d 801, 803 [2012]; *see Jiles v Archer*, 116 AD3d 664 [2014]; *Solar Line, Universal Great Bhd., Inc. v Prado*, 100 AD3d 862, 863 [2012]).

Here, the petitioner alleged that the 1999 deed was fraudulent and bore forged signatures, and sought to discharge the HSBC mortgage since it stemmed from that deed, so that title never vested in the mortgagor. As a result, the allegations are

sufficient to state a cause of action to declare the HSBC mortgage void (*see ABN AMRO Mtge. Group, Inc. v Stephens*, 91 AD3d at 803; *Cruz v Cruz*, 37 AD3d at 754).

Moreover, Leon, as the administrator of the decedents' estates, had the legal capacity to assert the cause of action to quiet title to the property and discharge the HSBC mortgage pursuant to RPAPL article 15, since the petitions sought to do so on behalf of the decedents' estates (*see* EPTL 11-1.1 [b] [13]; *cf. Gaentner v Benkovich*, 18 AD3d 424, 426 [2005]; *Greenfield v Realty Funds*, 14 AD2d 896, 897 [1961]).

Further, contrary to HSBC's contention, the cause of action pursuant to RPAPL article 15 accrued when Lionello died on February 2, 2009, since the petitioner sufficiently alleged possession of the property by asserting that the 1999 deed, as well as the subsequent deeds in the chain of title, were void and that the decedents paid the expenses associated with the property during their respective lifetimes (*see Elam v Altered Ego Realty Holding Corp.*, 114 AD3d 901 [2014]; *Stevens v Communicare Props., LLC*, 111 AD3d 614 [2013]). Since actions to quiet title are governed by a 10-year statute of limitations, the proceedings were timely commenced (*see* CPLR 212 [a]; *Elam v Altered Ego Realty Holding Corp.*, 114 AD3d 901 [2014]; *Stevens v Communicare Props., LLC*, 111 AD3d 614 [2013]).

Accordingly, the Surrogate's Court properly denied HSBC's motion pursuant to CPLR 3211 (a) to dismiss the petitions insofar as asserted against it. Dillon, J.P., Dickerson, Austin and Sgroi, JJ., concur.