168-170 Flushing Ave, LLC v February 22, LLC (2018 NY Slip Op 06710)





168-170 Flushing Ave, LLC v February 22, LLC


2018 NY Slip Op 06710


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-07874
 (Index No. 505248/13)

[*1]168-170 Flushing Ave, LLC, respondent, 
v
February 22, LLC, appellant, et al., defendant.


Miller Law Offices, PLLC, Lawrence, NY (Jeffrey H. Miller and Scott Farrell of counsel), for appellant.
Melvin B. Berfond, New York, NY (Michael Konopka of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to determine claims to real property, the defendant February 22, LLC, appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 23, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment awarding it title as a result of adverse possession to that portion of the subject property that is encroached by the automobile repair shop garage.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant Febrauary 22, LLC (hereinafter the defendant), own adjoining real property in Brooklyn. The plaintiff acquired its property, which had been developed as a gas station and automobile repair shop, in 2002. In 2013, shortly after acquiring its property, the defendant demanded that the plaintiff remove a portion of the automobile repair shop garage and driveway which encroached upon a triangular strip of the defendant's lot. Thereafter, the plaintiff commenced this action pursuant to RPAPL article 15 to be awarded title to the disputed strip as a result of adverse possession. Following discovery, the plaintiff moved for summary judgment. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment awarding it title as a result of the plaintiff's adverse possession to that portion of the disputed strip that is encroached by the automobile repair shop garage. The defendant appeals from that portion of the order.
In order to establish adverse possession, the plaintiff was required to demonstrate, by clear and convincing evidence, that its possession has "been adverse, under claim of right, open and notorious, continuous, exclusive and actual" for a period of 10 years (RPAPL 501[2]; see CPLR 212[a]; Reyes v Carroll, 137 AD3d 886, 888; Hartman v Goldman, 84 AD3d 734, 735). The plaintiff satisfied this burden with respect to that portion of the disputed strip that is encroached by the automobile repair shop garage, which is a substantial enclosure (see RPAPL 522[2]). The evidence submitted in support of the motion demonstrated that the garage had been erected prior to the plaintiff's acquiring title to the property, the automobile repair shop had been in continuous operation throughout the plaintiff's 10 years of ownership, and its use of the garage was exclusive (see e.g. Guardino v Colangelo, 262 AD2d 777, 778; Nazarian v Pascale, 225 AD2d 381, 383; [*2]Franzen v Cassarino, 159 AD2d 950, 951; Sinicropi v Town of Indian Lake, 148 AD2d 799, 800). In opposition, the defendant failed to raise a triable issue of fact (see Estate of Clanton v City of New York, 153 AD3d 787, 789).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting that branch of the plaintiff's motion which was for summary judgment awarding it title as a result of the plaintiff's adverse possession to that portion of the disputed strip that is encroached by the automobile repair shop garage.
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court