Strough v Incorporated Vil. of W. Hampton Dunes (2018 NY Slip Op 08525)





Strough v Incorporated Vil. of W. Hampton Dunes


2018 NY Slip Op 08525


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-03346
 (Index No. 29678/06)

[*1]Scott Strough, et al., appellants, 
v
Incorporated Village of West Hampton Dunes, et al., defendants, Arianne . Amsz, et al., respondents.


Law Offices of Cahn & Cahn, P.C., Melville, NY (Richard C. Cahn of counsel), for appellants.
Montgomery McCracken Walker & Rhoads, LLP, New York, NY (Charles Palella and Thomas V. Juneau, Jr., of counsel), for respondents Arianne V. Amsz, Alexandre N. Amsz, Gene Streim, and Ilene Streim.
Forchelli, Curto, Deegan, Schwartz, Mineo & Terrana, LLP, Uniondale, NY (Michael A. Ciaffa and Jeffrey G. Stark of counsel), for respondents 780 Dune, LLC, Harvey Gessin, Marilyn Tune Gessin, Claire Vegliante, and Laura Fabrizio.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiffs are the sole owners of certain real property located on the shore of Moriches Bay, Suffolk County, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated January 25, 2016. The order, insofar as appealed from, granted the motion of the defendants Arianne V. Amsz, Alexandre N. Amsz, 780 Dune, LLC, Gene Streim, Ilene Streim, Harvey Gessin, Marilyn Tune Gessin, Claire Vegliante, and Laura Fabrizio for summary judgment dismissing the complaint insofar as asserted against them and denied that branch of the plaintiffs' cross motion which was for summary judgment dismissing those defendants' second counterclaim.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendants Arianne V. Amsz, Alexandre N. Amsz, 780 Dune, LLC, Gene Streim, Ilene Streim, Harvey Gessin, Marilyn Tune Gessin, Claire Vegliante, and Laura Fabrizio for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs, payable by the respondents appearing separately and filing separate briefs.
This case involves a dispute over whether the movement of sand caused by storms affected the ownership of certain property. In October 2006, the Trustees of the Freeholders and Commonalty of the Town of Southampton (hereinafter the Trustees) and the Town of Southampton (hereinafter together the plaintiffs) commenced this action against the Incorporated Village of West [*2]Hampton Dunes (hereinafter the Village) and certain owners of real property that is the subject of this action located in the Town on the north side of Dune Road, just south of Moriches Bay in Suffolk County. The plaintiffs alleged, inter alia, that "in or about 1973 to 1975, and particularly between December 1992 and March 1993 and for several years prior thereto, a hurricane and a series of unusually strong winter storms, or Nor'easters'" caused "[m]illions of tons of sand and earth [to be] deposited into [the bottom of] Moriches Bay upon the Trustee lands, immediately north of the properties owned by [the defendants]." The plaintiffs also alleged that, as a result of these avulsive events, dry land between Dune Road and Moriches Bay extended from what had previously been approximately 200-300 feet, to approximately 700-800 feet, and the high-water mark of Moriches Bay shifted northward. The plaintiffs contend that they own "the additional land" that was previously under Moriches Bay (hereinafter the disputed land).
The plaintiffs' contention that they are the owners of the disputed land rests on a 1686 decree known as the Dongan Patent, pursuant to which the Governor of the Province of New York, Thomas Dongan, acting on royal authority, created the Board of Trustees as a body politic, to hold certain lands for the general use and benefit of the residents of the Town (see Semlear v Incorporated Vil. of Quogue, 127 AD3d 1062, 1063-1064; see also Town of Southampton v Betts, 163 NY 454, 457; People ex rel. Howell v Jessup, 160 NY 249, 258-259). Among other provisions, the Dongan Patent gave the Trustees the right to own and control certain lands, including, inter alia, waters, beaches, and the lands under the water within the boundaries of the Town (see People ex rel. Howell v Jessup, 160 NY at 261-262; Gessin v Throne-Holst, 134 AD3d 31, 37).
In 1818, the New York State Legislature enacted a statute (hereinafter the 1818 Law) that transferred to a new corporate body the title to the undivided lands that had belonged to the Trustees (see L 1818, ch CLV; Beers v Hotchkiss, 256 NY 41, 58; Town of Southampton v Mecox Bay Oyster Co., 116 NY 1, 13-14; Gessin v Throne-Holst, 134 AD3d at 38). The 1818 Law provided, inter alia, that the trustees of the new corporate body (also known as the Proprietor's Trust) "shall have the same power to superintend and manage the undivided lands, meadows and mill streams aforesaid, as [the Trustees] . . . now have, and shall have full power to sell, lease, or to partition, and to make such rules and regulations, and by-laws for managing the said lands, meadows and mill streams, and meadows that may hereafter make in the waters of said town, that shall not be the property of individuals" (L 1818, ch CLV, § II). The 1818 Law also provided, however, that the new corporate body was not given authority over the waters of the Town. Instead, those powers were expressly reserved to the Trustees (see Gessin v Throne-Holst, 134 AD3d at 38, citing L 1818, ch CLV, § IV; see also Semlear v Incorporated Vil. of Quogue, 127 AD3d at 1064). In 1831, additional legislation was enacted reaffirming the Trustees' powers over the Town's waters (see Gessin v Throne-Holst, 134 AD3d at 39, citing L 1831, ch 283, § 5).
As is relevant to this appeal, the defendants Arianne V. Amsz, Alexandre N. Amsz, 780 Dune, LLC, Gene Streim, Ilene Streim, Harvey Gessin, Marilyn Tune Gessin, Claire Vegliante, and Laura Fabrizio (hereinafter the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the grounds that the action was barred by the statute of limitations and the doctrine of laches. According to the defendants, the action was time-barred because, inter alia, the plaintiffs neither possessed the disputed land during the 10 years prior to the commencement of the action nor asserted any possessory interest during that period of time as required by CPLR 212(a). They also contended that, even if the action was not time-barred, it was barred by the doctrine of laches based on the prejudice to the defendants resulting from the plaintiffs' delay in commencing the action. The plaintiffs opposed the defendants' motion and cross-moved, inter alia, for summary judgment dismissing the defendants' second counterclaim, which sought a judgment declaring that the defendants own the disputed land based on adverse possession.
By order dated January 25, 2016, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was barred by the statute of limitations. The court also denied that branch of the plaintiffs' cross motion which was for summary judgment dismissing the defendants' second counterclaim, which sought a judgment declaring that the [*3]defendants own the disputed land pursuant to adverse possession. The court determined that a triable issue of fact exists as to whether the defendants adversely possessed the disputed land. The plaintiffs appeal.
CPLR 212(a) provides that "[a]n action to recover real property or its possession cannot be commenced unless the plaintiff, or his [or her] predecessor in interest, was seized or possessed of the premises within ten years before the commencement of the action." However, the 10-year limitations period does not begin to run against a record owner of property until the occupiers of the property begin to adversely possess it (see RPAPL 311; Elam v Altered Ego Realty Holding Corp., 114 AD3d 901, 903).
We disagree with the Supreme Court's determination that the defendants are entitled to summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was barred by the statute of limitations. Calculation of the date from which the statute of limitations began to run on the plaintiffs' causes of action requires a threshold determination as to whether the plaintiffs are the record owners of the disputed land, and secondly, whether, and if so, when, the defendants began to adversely possess the land (see CPLR 212[a]; RPAPL 311). The defendants failed to conclusively establish that the plaintiffs are not the record owners of the disputed land for the purposes of determining a date upon which the statute of limitations began to run (see RPAPL 311; Elam v Altered Ego Realty Holding Corp., 114 AD3d at 903; see also City of New York v Wilson & Co., 278 NY 86, 93). Contrary to the defendants' contention, a determination of who is the title holder of the disputed land is not simply a matter of statutory interpretation of the 1818 Law, but, in fact, requires resolution of a number of issues of fact, including whether the uplands along the shore of the Moriches Bay constituted "undivided lands" at the time the 1818 Law was enacted and whether the disputed land constitutes "meadows that may hereafter make" within the meaning of that 1818 Law (L 1818, ch CLV, § II; see Beers v Hotchkiss, 256 NY at 60). Moreover, as set forth below, there are triable issues of fact as to whether the defendants adversely possessed the disputed land (see Hartman v Goldman, 84 AD3d 734, 736). Therefore, the defendants failed to establish, prima facie, that the action was barred by the statute of limitations (see Rabinowitz v American Tire Works, 146 AD2d 760, 761), and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them based on the statute of limitations should have been denied, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Moreover, even if the defendants had met their prima facie burden as to the statute of limitations, the plaintiffs raised triable issues of fact in opposition by submitting evidence that the defendants' upland properties had been divided prior to 1818 and were in private ownership by virtue of a 1712 allotment that was made by the Trustees which, if true, would make the 1818 Law inapplicable to the determination of who owns the disputed land (see Trustees of Freeholders & Commonalty of Town of E. Hampton v R.E. Dowling Realty Corp., 282 App Div 966, 966-967, affd 307 NY 608). For this additional reason, that branch of the defendants' motion should have been denied (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendants also failed to establish, prima facie, that they are entitled to judgment as a matter of law on their laches defense. "The essence of the equitable defense of laches is prejudicial delay in the assertion of rights" (Jean v Joseph, 117 AD3d 989, 990 [internal quotation marks omitted]; see Stein v Doukas, 98 AD3d 1026, 1028). "In order for laches to apply to the failure of an owner of real property to assert his or her interest, it must be shown that [the] plaintiff inexcusably failed to act when [he or] she knew, or should have known, that there was a problem with [his or] her title to the property. In other words, for there to be laches, there must be present elements to create an equitable estoppel'" (Stein v Doukas, 98 AD3d at 1028, quoting Kraker v Roll, 100 AD2d 424, 432-433).
Here, although the defendants established that the plaintiffs did not commence the action until a lengthy period of time after the alleged avulsive acts had occurred, the defendants failed to eliminate issues of fact as to whether the plaintiffs' failure to act was excusable, whether [*4]the defendants were taking actions to adversely possess the disputed land, and whether and when the plaintiffs should reasonably have become aware of such alleged acts. Thus, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that the action was barred by the doctrine of laches also should have been denied, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
We agree with the Supreme Court's denial of that branch of the plaintiffs' cross motion which was for summary judgment dismissing the defendants' second counterclaim, which seeks a judgment declaring that the defendants own the disputed land based on adverse possession. As the plaintiffs have conceded on appeal, the issues bearing on the parties' respective causes of action alleging ownership of the disputed land are inextricably intertwined. Moreover, the plaintiffs cannot succeed on their cross motion merely by pointing to gaps in the defendants' case (see Tsekhanovskaya v Starrett City, Inc., 90 AD3d 909, 910; Coastal Sheet Metal Corp. v Martin Assoc., Inc., 63 AD3d 617, 618). Since there are triable issues of fact as to the possession and ownership of the disputed land, the plaintiffs are not entitled to summary judgment dismissing the defendants' second counterclaim (see Alvarez v Prospect Hosp., 68 NY2d at 324; Hartman v Goldman, 84 AD3d at 736; Trustees of Freeholders & Commonalty of Town of E. Hampton v R.E. Dowling Realty Corp., 282 App Div at 966-967).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court