Covert Holdings, LLC v 1019 Irving Realty, LLC (2022 NY Slip Op 03707)

Covert Holdings, LLC v 1019 Irving Realty, LLC

2022 NY Slip Op 03707

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-02299
 (Index No. 708529/16)

[*1]Covert Holdings, LLC, respondent, 
v
1019 Irving Realty, LLC, appellant, et al., defendants.

Carriero & Associates, PLLC, North Beach, NY (J. James Carriero of counsel), for appellant.
Miller Rosado & Algios, LLP, Garden City, NY (Neil A. Miller of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, the defendant 1019 Irving Realty, LLC, appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered January 9, 2020. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2016, the plaintiff commenced this action, inter alia, pursuant to RPAPL article 15 to determine claims to a certain strip of land approximately 15 feet wide by 150 feet long (hereinafter the disputed strip) located in Queens County. The disputed strip is located within the recorded boundaries of Lot 27, which is owned by the plaintiff, and abuts Lot 25, which is owned by the defendant 1019 Irving Realty, LLC (hereinafter the defendant). The defendant moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as barred by the statute of limitations, arguing, among other things, that the disputed strip had been "adversely possessed since 1999." In an order entered January 9, 2020, the Supreme Court, inter alia, denied that branch of the motion. The defendant appeals.
In resolving a motion pursuant to CPLR 3211(a)(5) to dismiss the complaint on the ground that the action is barred by the statute of limitations, the court must accept the facts as alleged in the complaint as true, and accord the plaintiff the benefit of every possible favorable inference (see Bank of N.Y. Mellon v Celestin, 164 AD3d 733, 735). On such a motion, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired (see id. at 735). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 835 [internal quotation marks omitted]).
CPLR 212(a) provides that "[a]n action to recover real property or its possession cannot be commenced unless the plaintiff, or his [or her] predecessor in interest, was seized or [*2]possessed of the premises within ten years before the commencement of the action." However, CPLR 212(a) must be read together with RPAPL 311, which provides that "the person who establishes a legal title to the premises is presumed to have been possessed thereof within the time required by law; and the occupation of the premises by another person is deemed to have been under and in subordination to the legal title unless the premises have been held and possessed adversely to the legal title for ten years before the commencement of the action" (see Elam v Altered Ego Realty Holding Corp., 114 AD3d 901, 903). Calculation of the date from which the statute of limitations begins to run requires a threshold determination as to whether (1) the plaintiff is the record owner of the subject property and, if so, (2) when the defendant began to adversely possess it (see CPLR 212[a]; RPAPL 311; Strough v Incorporated Vil. of W. Hampton Dunes, 167 AD3d 800, 803).
Here, the defendant failed to sustain its initial burden of demonstrating, prima facie, that the action was untimely. In particular, the defendant failed to establish, prima facie, that the defendant or its predecessor in interest began to adversely possess the disputed strip more than 10 years prior to the commencement of this action (see Estate of Becker v Murtagh, 19 NY3d 75, 81). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it.
IANNACCI, J.P., RIVERA, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court