Pravda v Gleeson (2023 NY Slip Op 06176)

Pravda v Gleeson

2023 NY Slip Op 06176

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

534143
[*1]George Pravda, Appellant,
v
Mary Gleeson, as Administrator of the Estate of Mary Elizabeth Brezinski, Deceased, Respondent.

Calendar Date:October 13, 2023

Before:Egan Jr., J.P., Clark, Ceresia, McShan and Powers, JJ.

Allen C. Read, Whitehall, for appellant.
O'Connell & Aronowitz, Albany (Francis J. Smith of counsel), for respondent.

McShan, J.
Appeals (1) from an order of the Supreme Court (Dianne N. Freestone, J.), entered August 23, 2022 in Saratoga County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint, and (2) the judgment entered thereon.
This action concerns a dispute over ownership of a 43-acre lot identified as Tax Map No. 193.-1-27 and located in the Town of Saratoga, Saratoga County (hereinafter the farm parcel). In 1954, Frank Pravda Sr., plaintiff's father, purchased the farm parcel, as well as a separate parcel also in the Town of Saratoga, a 6-acre wood lot identified as Tax Map No. 194.-1-34 (hereinafter the wood lot), and transferred both parcels to himself and his wife, Nellie Pravda, through a recorded warranty deed in 1956. They later conveyed the parcels to plaintiff's brother, Frank Pravda Jr., who in turn sold the parcels to plaintiff's other brother, Milton Pravda, in April 1969.
In 1982, Thomas Pravda, plaintiff's son, moved onto the farm parcel and maintained the property until his death in November 2013. Meanwhile, following discussions between plaintiff and Milton Pravda, the two agreed that plaintiff would purchase the wood lot for $1,000 and the sale was completed in 1984. However, unbeknownst to the parties, the deed that was drafted by Milton Pravda's attorney identified both the wood lot and the farm parcel as part of the conveyance. In 2012, Milton Pravda died and, by virtue of a residuary bequest in his will, conveyed, among other things, all his real and personal property to Mary Elizabeth Brezinski (hereinafter decedent), who was Milton Pravda's long-term friend and business partner. In turn, decedent executed a deed conveying the farm parcel to herself in 2014.[FN1]
In 2013, Thomas Pravda commenced an adverse possession action against decedent, as executor of Milton Pravda's estate (hereinafter the first action). Thomas Pravda died a few months after commencing the action in 2013 and plaintiff, as the executor of his estate, was named plaintiff in that action. During the first action, the parties stipulated that, among other things, Milton Pravda was the record owner of the farm parcel from 1969 to 2014 and that decedent was the current record holder of the farm parcel having acquired title after Milton Pravda died in 2012. In 2016, following a two-day bench trial, Supreme Court (Nolan Jr., J.) dismissed plaintiff's complaint, having found that the proof failed to establish that Thomas Pravda had obtained title to the farm parcel by adverse possession. Thereafter, in 2017, plaintiff moved to vacate the prior order pursuant to CPLR 5015, asserting that newly discovered evidence in the form of his 1984 deed to the wood lot revealed that the conveyance also included the farm parcel, a drafting error of which he lacked any knowledge until 2016. Supreme Court denied plaintiff's motion, noting that the claim of right asserted by plaintiff was not the basis for relief sought in the action and, in that respect[*2], failed to establish that Thomas Pravda had adversely possessed the farm parcel.[FN2]
In 2018, plaintiff commenced the current action to quiet title pursuant to RPAPL article 15 seeking a judgment that he has rightful title to the farm parcel. In sum and substance, plaintiff claims that Milton Pravda conveyed both the farm parcel and the wood lot in the 1984 deed and, despite the fact that the inclusion of the farm parcel in that deed was due to a scrivener's error, the passage of 33 years since that error precluded reformation of that deed based upon the statute of limitations contained in CPLR 213 (6). Defendant joined issue and, as relevant here, asserted a counterclaim also seeking to quiet title based upon her assertion that she is the rightful title owner of the farm parcel on account of the conveyance in Milton Pravda's will and her subsequent filing of a deed to the farm parcel in 2014.
Defendant thereafter moved for summary judgment dismissing the complaint, asserting that she was the rightful owner of the farm parcel based upon her title to the property traceable to the bequest in Milton Pravda's will, and plaintiff cross-moved for summary judgment asserting that his title was superior. Supreme Court (Freestone, J.) granted defendant's motion and dismissed plaintiff's complaint, finding that, although defendant's counterclaim was an action seeking reformation of plaintiff's deed, the statute of limitations did not bar the action and, as to the merits, defendant's proof established her entitlement to judgment as a matter of law. Plaintiff appeals from the order and the judgment entered thereon, and we affirm.
At the outset, plaintiff couches defendant's counterclaim as an action seeking reformation of the 1984 deed, which would be governed by the six-year statute of limitations set forth in CPLR 213 (6), thus rending the action time-barred. We disagree with that characterization. In our view, the counterclaim essentially seeks a determination as to which party may assert a superior claim of right based upon the chain of title to their respective deeds (see Elam v Altered Ego Realty Holding Corp., 114 AD3d 901, 903 [2d Dept 2014]; see also Fan-Dorf Properties, Inc. v Classic Brownstones Unlimited, LLC, 103 AD3d 589, 590 [1st Dept 2013]; P.A.C.W.S., Ltd. v Reineke, 175 AD2d 154, 155 [2d Dept 1991]), rather than reformation of plaintiff's 1984 deed, which admittedly only included the disputed farm parcel on account of a scrivener's error (compare Lopez v Lopez, 133 AD3d 722, 724 [2d Dept 2015]; Ta Chun Wang v Chun Wong, 163 AD2d 300, 302 [2d Dept 1990], lv denied 77 NY2d 804 [1991], cert denied 501 US 1252 [1991]). In this respect, defendant's claim of right was predicated on her possession of the farm parcel pursuant to her deed, and the first challenge to that deed asserted by plaintiff based upon the 1984 deed arose in the context of this action. Accordingly, as "an owner who is in possession of real property need not comply with the time [*3]limitations in an action to discharge an encumbrance on his [or her] title," the statute of limitations is inapplicable to defendant's counterclaim (Welch v Prevost Landowners, 202 AD2d 803, 804 [3d Dept 1994]; see Orange and Rockland Util. v Philwold Estates, 52 NY2d 253, 261 [1981]; Crain v Mannise, 125 AD3d 1422, 1424 [4th Dept 2015]; compare Elam v Altered Ego Realty Holding Corp., 114 AD3d at 903; Stevens v Communicare Props., LLC, 111 AD3d 614, 615 [2d Dept 2013]; WPA Acquisition Corp. v Lynch, 82 AD3d 1215, 1216 [2d Dept 2011]).
Turning to the merits, "[t]o maintain an equitable quiet title claim, a [party] must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as a deed or other instrument, that is actually invalid or inoperative" (Carbone v Deutsche Bank Natl. Trust Co., 145 AD3d 848, 849 [2d Dept 2016]; accord Hart 230, Inc. v PennyMac Corp., 194 AD3d 789, 791 [2d Dept 2021]). In support of her motion, defendant submitted, among other things, the deed from Frank Pravda Jr. to Milton Pravda conveying the farm parcel and wood lot, and the subsequent deed recorded after Milton Pravda's death establishing that defendant was the owner of the farm parcel. Defendant also provided receipts establishing that Milton Pravda paid taxes on the parcel until his death in 2012, at which point defendant assumed that responsibility. Further, defendant submitted excerpts from the transcript of plaintiff's deposition in the first action wherein he conceded that he and Milton Pravda had only discussed a purchase of the wood lot and not the farm parcel. Consistent with that representation, defendant included a stipulation executed by plaintiff in the first action acknowledging that Milton Pravda owned the farm parcel until 2012, at which point defendant became the rightful owner. In further support, defendant provided a letter from Milton Pravda's attorney to plaintiff, confirming Milton Pravda's agreement to sell plaintiff certain real property in the location of the wood lot, and a subsequent correspondence from the attorney to Milton Pravda, which enclosed "a [d]eed of the property that you know as 'Woodlot'." We find that the foregoing was sufficient to establish defendant's prima facie burden that she possessed rightful title to the farm parcel, thus shifting the burden to plaintiff to raise a triable issue of fact (see Torpy's Pond & Outdoor Club, Inc. v DuSell, 198 AD3d 1218, 1220-1221 [3d Dept 2021]; Bergstrom v McChesney, 92 AD3d 1125, 1126 [3d Dept 2012]; Klotz v Warick, 53 AD3d 976, 978 [3d Dept 2008], lv denied 11 NY3d 712 [2008]).
In response, plaintiff, in relevant part, rehashes the same contention predicated on the timeliness of defendant's counterclaim.[FN3] In essence, plaintiff's sole contention in this action is that he is the rightful owner of the farm parcel on account of a drafting error in the 1984 deed that, as acknowledged by plaintiff himself[*4], mistakenly included a description of the farm parcel in addition to the wood lot. That argument is without merit and, in the absence of any other grounds supporting plaintiff's ownership of the farm parcel, we find that he has failed to raise a triable issue of fact (see Sasscer v Vesey, 211 AD3d 1400, 1403 [3d Dept 2022]; Bergstrom v McChesney, 92 AD3d at 1127-1128). Accordingly, Supreme Court properly granted summary judgment to defendant and dismissed the remainder of plaintiff's complaint. Plaintiff's remaining contentions, to the extent not addressed herein, have been considered and found without merit.
Egan Jr., J.P., Clark, Ceresia and Powers, JJ., concur.
ORDERED that the order and the judgment are affirmed, with costs.

Footnotes

Footnote 1: Decedent passed away during the pendency of this action and, as administrator of decedent's estate, defendant was substituted as the defendant in this action.

Footnote 2: Plaintiff did not pursue an appeal to either the judgment dismissing the complaint in the first action nor the order denying plaintiff's motion to vacate.

Footnote 3: To the extent that plaintiff's submission on appeal could liberally be read as asserting a defense that there are triable issues of fact pertaining to Thomas Pravda's acquisition of title by adverse possession, we note plaintiff's express statement in his complaint that "the action of adverse [possession] which was the basis of the [prior] litigation was the wrong cause of action." In any event, beyond terse references to the prior determination concerning his son's claim of adverse possession, which was the subject of the prior action that was dismissed and from which plaintiff did not appeal in his role as executor, plaintiff fails to articulate how that claim has any effect on his current assertion that he is the record title holder of the farm parcel pursuant to the 1984 deed.