Canty v Burns (2025 NY Slip Op 02903)

Canty v Burns

2025 NY Slip Op 02903

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-02864
 (Index No. 513798/20)

[*1]Nahema Canty, et al., appellants,
v
Marilyn Burns, et al., respondents, et al., defendants.

Ledwidge & Associates, P.C., Jamaica Estates, NY (Joseph A. Ledwidge of counsel), for appellants.
Zeltser Law Group, PLLC, Brooklyn, NY (Naomi Zeltser of counsel), for respondent Marilyn Burns.
McGlinchey Stafford PLLC (The Law Office of Keith S. Garret, P.C., Babylon, NY, of counsel), for respondent Mortgage Electronic Registration Systems, Inc.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to quiet title to real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated March 8, 2022. The order, insofar as appealed from, granted (1) the motion of the defendant Marilyn Burns pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her and to cancel a notice of pendency filed against the subject property, and (2) that branch of the motion of the defendant Mortgage Electronic Registration Systems, Inc., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the motion of the defendant Marilyn Burns pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her and to cancel the notice of pendency filed against the subject property and that branch of the motion of the defendant Mortgage Electronic Registration Systems, Inc., which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it are denied.
In 2020, the plaintiffs commenced this action pursuant to RPAPL article 15 to quiet title to certain real property located in Queens, for partition of the property, and to vacate a reverse mortgage encumbering the property. The complaint alleged that the property had previously been owned by Dorothy Anderson. Anderson died intestate in 1995, at which time she was survived by three children, including the defendant Marilyn Burns. Anderson also had two children who predeceased her, one of which was survived by the plaintiff James Gary and Eric Canty, who are Anderson's grandchildren. Eric Canty since died and was survived by the plaintiff Nahema Canty.
Following Anderson's death, certain of her beneficiaries at law, including Burns, executed a deed dated May 8, 1996 (hereinafter the 1996 deed), conveying sole interest in the property to Burns. The alleged interests in the property acquired by Gary and Eric Canty at the time [*2]of Anderson's death were not represented in the 1996 deed. In 2007, Burns obtained a line of credit secured by a reverse mortgage encumbering the property with the predecessor in interest of the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS). The complaint alleged that the 1996 deed was void because Burns was aware of the plaintiffs' interests, or that of their predecessors in interest, at the time of the conveyance and that the reverse mortgage must be discharged from the plaintiffs' interests in the property because it stemmed from the 1996 deed.
Burns moved pursuant to CPLR 3211(a)(5) and (7) to dismiss the complaint insofar as asserted against her and to cancel the notice of pendency filed against the property, and MERS moved, among other things, pursuant to CPLR 3211(a)(1), (5), and (7) to dismiss the complaint insofar as asserted against it. In an order dated March 8, 2022, the Supreme Court, inter alia, granted Burns's motion and that branch of MERS's motion. The plaintiffs appeal. We reverse.
"[A] motion to dismiss a complaint pursuant to CPLR 3211(a)(1) on the ground of documentary evidence may only be granted where the proffered documents utterly refute the plaintiff's allegations, conclusively establishing a defense as a matter of law" (Wilmington Sav. Fund Socy., FSB v Matamoro, 200 AD3d 79, 89). On a motion pursuant to CPLR 3211(a)(7) to dismiss for failure to state a cause of action, a court must "accept the facts as alleged in [the] complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Maursky v Latham, 219 AD3d 473, 474 [internal quotation marks omitted]; see Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883). Where a court considers evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211(a)(7), "the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Ciafone v Jobs for NY, Inc., 188 AD3d 980, 981 [internal quotation marks omitted]).
"To maintain a cause of action to quiet title, a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title to the property, such as in a deed or other instrument, that is actually invalid or inoperative" (Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d at 883). Here, contrary to the contentions of Burns and MERS, the complaint is sufficient to state a cause of action to quiet title based on the invalidity of the 1996 deed. Not only does the complaint sufficiently allege the plaintiffs' constructive possession of the property by virtue of certain interests that passed by operation of law (see EPTL 4-1.1[a][3]; 1-2.16), but the complaint also alleged that Burns had actual knowledge of the identity of Anderson's legal heirs at law and misrepresented those identities in the 1996 deed in an effort to unlawfully acquire sole interest in the property for herself (see Faison v Lewis, 25 NY3d 220, 225-226; Cruz v Cruz, 37 AD3d 754, 754). In addition, the 1996 deed itself does not demonstrate that the plaintiffs' interests were validly conveyed. Rather, accepting the allegations in the complaint as true, the 1996 deed conveying sole interest in the property to Burns inaccurately identifies the parties thereto as Anderson's "sole beneficiaries at law" (see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) as barred by the applicable statute of limitations, the defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the cause of action has expired" (Feaster v Poly Prep Country Day Sch., 227 AD3d 668, 669 [internal quotation marks omitted]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Covert Holdings, LLC v 1019 Irving Realty, LLC, 206 AD3d 691, 692 [internal quotation marks omitted]).
"Generally, '[a]ctions to quiet title are governed by a 10-year statute of limitations pursuant to CPLR 212(a)'" (Mahabir v Snyder Realty Group, Inc., 217 AD3d 850, 852, quoting Stevens v Communicare Props., LLC, 111 AD3d 614, 615). CPLR 212(a) provides that "[a]n action to recover real property or its possession cannot be commenced unless the plaintiff, or his [or her] predecessor in interest, was seized or possessed of the premises within ten years before the commencement of the action" (see Elam v Altered Ego Realty Holding Corp., 114 AD3d 901, 903). [*3]"However, CPLR 212 (a) must be read together with RPAPL 311, which provides that 'the person who establishes a legal title to the premises is presumed to have been possessed thereof within the time required by law; and the occupation of the premises by another person is deemed to have been under and in subordination to the legal title unless the premises have been held and possessed adversely to the legal title for ten years before the commencement of the action'" (Covert Holdings, LLC v 1019 Irving Realty, LLC, 206 AD3d at 693).
Here, accepting the facts as alleged in the complaint as true and according the plaintiffs the benefit of every possible favorable inference (see id. at 691), Burns and MERS failed to establish that the action was time-barred (see EPTL 4-1.1[a][3]; 1-2.16). The complaint sufficiently alleged the plaintiffs' possession of their respective outstanding interests in the property within 10 years of commencing this action by asserting that they, or their predecessor in interest, acquired an interest in the property upon Anderson's death intestate in 1995, and that the 1996 deed purporting to convey sole interest in the property to Burns was void (see Elam v Altered Ego Realty Holding Corp., 114 AD3d at 903). "Under these circumstances, the plaintiff[s], as the alleged legal title holder[s] of the premises, [are] presumed to have possession of the premises within the time required" (id. [internal quotation marks omitted]). Moreover, Burns and MERS failed to argue that Burns acquired sole title in the property by adverse possession against the plaintiffs' respective interests more than 10 years prior to the commencement of this action (see Estate of Becker v Murtagh, 19 NY3d 75, 81).
Accordingly, the Supreme Court should have denied Burns's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her and to cancel the notice of pendency filed against the property, and that branch of MERS's motion which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.
The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court